**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:23cv60384

TODD CONLEY,
an individual,

    Plaintiff,

v.

DANIEL S. VACANTI,
an individual,

    Defendant.

_____/

## COMPLAINT, DEMAND FOR JURY TRIAL, AND REQUEST FOR INJUNCTIVE RELIEF

Plaintiff TODD CONLEY, an individual (hereinafter "Conley" or "Plaintiff"), hereby files this Complaint against Defendant, Daniel S. Vacanti ("Defendant"), an individual, for copyright infringement in violation of 17 U.S.C. §§ 106, 501, and related federal and state claims, and alleges as follows.

## JURISDICTION, VENUE, AND THE PARTIES

1. Plaintiff, Todd Conley, is an individual and resident of Larimer County, Colorado, and is otherwise *sui juris*.

2. Upon information and belief, Defendant DANIEL S. VACANTI, is an individual who is residing and/or conducting and transacting business at 16514 Segovia Cir. S, Fort Lauderdale, FL 33331.

3. Upon information and belief, Defendant is a resident within this judicial district, and is otherwise *sui juris*.

1

4.      Defendant is involved directly and/or indirectly, in the unauthorized use of selling, licensing, modifying, and making use of the post-2016 version(s) of the Actionable Agile Tool software ("the Copyrighted Software") which Conley created and developed and which Conley holds federally registered copyrights for, as further discussed herein.

5.      Specifically, Defendant marketed and licensed the Copyrighted Software to various third parties, including, upon information and belief, to third parties located within this judicial district.

6.      Upon information and belief, Defendant has licensed, sold and marketed the Copyrighted Software to one or more individuals or entities residing within this judicial district.

7.      Plaintiff, Todd Conley, is, and at all times relevant hereto has been, the registered owner of the following copyrights for the Copyrighted Software, which are valid and registered at the U.S. Copyright Office at the Library of Congress. **Exhibit A** (copyright registration certificates).

| Title | Copyright Number | Date of Creation |
|---|---|---|
| Actionable Agile Analytics v.1 | TX0008869638 | 2017 |
| Actionable Agile Analytics v.2 | TX0008869973 | 2017 |
| Actionable Agile Analytics v.3 | TX0008869911 | 2017 |
| Actionable Agile Analytics v.4 | TX0008869906 | 2017 |
| Actionable Agile Analytics v.5 | TX0008867374 | 2017 |

2

| Actionable Agile Analytics v.6 | TX0008869896 | 2017 |
|---|---|---|
| Actionable Agile Analytics v.7 | TX0008869727 | 2018 |
| Actionable Agile Analytics v.8 | TX0008869899 | 2018 |
| Actionable Agile Analytics v.9 | TX0008869732 | 2019 |

8.      Defendant resides within this judicial district and Defendant's conduct was intentionally directed toward causing Conley damage within this judicial district and/or was known to cause damage to Conley within this judicial district.  As such, jurisdiction, and venue of this Court over this action and Defendant is based on 17 U.S.C. §§ 106, 106A, 501, and 28 U.S.C. §§ 1331, 1338(a), and 1391(b)(1)-(2).

**GENERAL ALLEGATIONS**

9.      Averments one through eight (1-8) are incorporated herein by reference.

10.     Conley is a software developer who is renowned for his creation and development of high-performance, reliable software with intuitive user interfaces.

11.     In or around August of 2013, Defendant and Conley agreed to collaborate on the development, promotion, marketing, and sale of the Actionable Agile Tool software ("Agreement").

12.     Conley was responsible for the creation and development of the Actionable Agile Tool software whereas Defendant was responsible for providing customer-oriented services relating to the Actionable Agile Tool software, including sales, marketing, training, and support.

13.     As part of the Agreement between Defendant and Conley, the revenues from the sale of licenses for the Actionable Agile Tool software were to be divided equally between Conley and Defendant.

14.     In or around 2016, Conley developed a novel and unique variation of the Actionable Agile Tool software.

15.     This post-2016 version of the Actionable Agile Tool software was registered with the U.S. Copyright Office and ultimately became the Copyrighted Software, embodied in Copyright Registration No. TX0008869732. *See* **Exhibit A**.

16.     Pursuant to the Parties' Agreement, Conley was properly compensated for the sale of licenses for the Copyrighted Software up to and through June of 2019 in accordance with the terms of their agreement but was denied access to the bookkeeping and tax records.

17.     However, Conley was not properly compensated for the sale of licenses for the Copyrighted Software from July 1, 2019, to date.

18.     The Copyrighted Software was marketed and licensed by Defendant or on Defendant's behalf by or to various third parties from July 1, 2019, onward and royalty payments due and owed to Conley in connection with the sales and licenses were wrongly withheld and never paid.

19.     Defendant's failure to compensate Conley for his share of revenues violates the terms of their Agreement and license which constitutes a material breach of their Agreement.

20.     Because the license terminated upon the Defendant's material breach, all subsequent sales, modification, and use of the Copyrighted Software by Defendant or on Defendant's behalf was done without Conley's permission, consent, and authorization.

4

21.     Defendant's use of the Copyrighted Software was contingent upon Defendant paying Conley his agreed-upon share of revenues derived from the sale, licensing, and marketing of the Copyrighted Software.

22.     Conley is the sole and exclusive owner of all copyrights in and to the Copyrighted Software.

23.     Defendant's continued use of the Copyrighted Software breached the terms of the license and Agreement and was done without Conley's permission, authorization, or consent, and infringed on Conley's copyrights.

24.     Due to the skill, effort, time, and resources that were diligently expended by Conley in creating and developing the Copyrighted Software, the Copyrighted Software has amassed significant acclaim from third parties.

25.     Upon information and belief, the Copyrighted Software was licensed and/or sold without permission, consent or authorization to various third parties including, without limitation and upon information and belief, ActionableAgile, LLC, Daniel S. Vacanti, Inc., 55 Degrees AB, Atlassian Pty Ltd, Atlassian, Inc., Microsoft, Kanbanize, and related entities, affiliates, and parties. **Exhibit B** (screen capture of the www.actionableagile.com website).

26.     The Copyrighted Software was registered within five years of first publication, thereby constituting *prima facie* evidence of validity of the Copyrighted Software and the facts stated within the certificate pursuant to 17 U.S.C. § 410(c).  *See* **Exhibit A**.

27.     Based on the parties' prior business relationship, namely, Defendant having entered into a joint venture/partnership agreement with Conley to create and develop the

5

Copyrighted Software, Defendant's knowing and intentional taking or misappropriation of the Copyrighted Software without Conley's consent, authorization, or license is apparent.

28. On December 13, 2022, undersigned counsel sent Defendant a demand letter outlining the claims set forth herein. *See* **Exhibit C** (true and correct copy of said demand letter).

29. To date, Defendant and/or his counsel has failed to provide any evidence demonstrating that Defendant's use of the Copyrighted Software has permanently and immediately ceased.

30. As a direct and proximate result of Defendant's actions, Conley was forced to incur litigation costs and to retain the undersigned law firm to represent him in this action and has agreed to pay the undersigned firm a reasonable fee for its services.

## COUNT I – COPYRIGHT INFRINGEMENT

31. Conley realleges and re-avers paragraphs 1 through 31 as if fully set forth herein.

32. Conley owns valid copyrights in the Copyrighted Software.

33. Conley registered the Copyrighted Software with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).  *See* **Exhibit A**.

34. Defendant copied, displayed, and distributed the Copyrighted Software and/or made derivatives of said works without Conley's authorization in violation of 17 U.S.C. §§ 106, 501 and after the effective date of registration for the Copyrighted Software.

35. Defendant performed the acts alleged in the course and scope of his business activities and for commercial gain.

36.     Based on the above, the aforementioned copyright infringement is believed to have been committed willfully and with knowledge that said acts were infringing and violative of Conley's rights.

37.     Conley has been damaged from Defendant's conduct in the form of at least actual and potential lost profits and uncontrolled and unconsented proliferation, display, and/or use of the Copyrighted Software.

38.     The harm caused to Conley is irreparable if not immediately and permanently ceased by Defendant.

39.     Defendant has no fair use defense to his actions and his actions are not innocent.

WHEREFORE, Plaintiff Todd Conley, by and through his undersigned counsel, hereby respectfully requests judgment against Defendant Daniel S. Vacanti, said judgment which should include provisions:

a.     Finding Defendant and his officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, are permanently enjoined from (1) using, reproducing, or distributing copies of the Copyrighted Software, or (2) preparing derivative works based upon the Copyrighted Software;

b.     Declaring that any and all contracts and agreements entered into by Defendant without Conley's permission, authorization, or consent in connection with the licensing or sale of the Copyrighted Software are null and void;

c.  Requiring Defendant to pay to Conley his actual damages and Defendant's profits attributable to the infringement, or, at Conley's election, statutory damages, as provided in 17 U.S.C. § 504;

d.  Requiring Defendant pay to Conley all pre- and post-judgment interest at the maximum allowable rate on the full compensatory amount awarded to Conley;

e.  Requiring Defendant pay to Conley all of his reasonable attorneys' fees, costs, and expenses for Conley having to investigate, prepare and prosecute this action pursuant to 17 U.S.C. § 505; and

f.  Awarding Conley such further and additional relief this Court deems just and proper under the circumstances.

## COUNT II – FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES

50.  Conley realleges and re-avers paragraphs 1 through 31 as if fully set forth herein.

51.  Defendant's acts of using, selling, and//or licensing the Copyrighted Software to third parties without Conley's permission, consent, or authorization or a valid license, were performed by Defendant in the course of trade or commerce and more specifically, in the sale, marketing, offering, and licensing of the Copyrighted Software to consumers in Florida and throughout the United States.

52.  Defendant's acts constitute unfair methods of competition, unconscionable acts, or practices, and/or unfair or deceptive acts or practices.

53.     Defendant's actions are likely to deceive consumers into believing that Defendant is affiliated with Conley and the Copyrighted Software, and/or that Conley authorizes, sponsors, approves or associates himself with the Defendant and/or Defendant's business practices, which Conley no longer does given Defendant's infringement of the Copyrighted Software and material breach of the Parties' Agreement.

54.     Defendant's acts of unfair competition have resulted in, and will continue to cause substantial, and irreparable harm for which Conley has no adequate remedy at law. Therefore, Conley is also entitled to injunctive relief.

WHEREFORE, Plaintiff, Todd Conley, by and through the undersigned, hereby respectfully demands judgment against Defendant, Daniel S. Vacanti, said judgment should include provisions:

a.      Issuing preliminary and permanent injunctive relief against Defendant, and that Defendant, his agents, representatives, servants, employees, attorneys, successors and assigns, and all other in active concert or participation with Defendant, be (individually or collectively) preliminary and permanently enjoined and restrained from making any further infringing use of Conley's Copyrighted Software and declaring that any and all contracts and agreements entered into by Defendant without Conley's permission, authorization, or consent in connection with the licensing or sale of the Copyrighted Software are null and void;

b.      Ordering Defendant to pay Conley's damages and disgorge Defendant's profits;

c.  Declaring this case exceptional and trebling all damages awarded to Conley;

d.  Imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to Conley;

e.  Awarding to Conley actual damages, plus attorneys' fees and costs pursuant to Fla. Stat. § 501.2105 and § 501.211;

f.  Awarding remuneration of Conley's costs and expenses for Conley to investigate, prepare and prosecute this action; and/or

For such further and additional relief this Court deems just and proper under the circumstances.

## COUNT III – CIVIL THEFT

55.  Conley realleges and re-avers paragraphs 1 through 31 as if fully set forth herein.

56.  Conley is the sole and exclusive owner of the Copyrighted Software.

57.  On or about August 2013, Conley and Defendant entered into an agreement whereby Defendant agreed to divide equally all revenues from the sale and/or license of the Copyrighted Software between Conley and Defendant.

58.  Pursuant to the Agreement, Conley retained sole and exclusive ownership of the Copyrighted Software.

59.  Defendant failed to pay Conley his share of the revenues stemming from the sale of licenses of the Copyrighted Software from July 1, 2019, up to and through the undersigned date.

60.     The Agreement between Conley and Defendant terminated on July 1, 2019, upon Defendant's material breach of and failure to pay sums owed to Conley pursuant to the Agreement.

61.     In retaining and failing to pay unpaid royalty payments that were due and owing to Conley in connection with the licensing of the Copyrighted Software, Defendant wrongfully asserted dominion over Conley's property that is inconsistent with Conley's ownership rights therein.

62.     Moreover, Defendant wrongfully asserted dominion over another of Conley's property (namely, the Copyrighted Software that Conley created, developed, and owns) by licensing the Copyrighted Software without Conley's permission, authorization, or consent or a valid license.

63.     Defendant's foregoing conduct is inconsistent with Conley's ownership rights in the Copyrighted Software.

64.     Defendant misappropriated both the unpaid royalty payments and the Copyrighted Software for fraudulent or personal activity and with felonious or criminal intent.

65.     Said differently, Defendant knowingly obtained and used Conley's property (namely, both the unpaid royalty payments and the Copyrighted Software) with felonious intent temporarily and/or permanently to deprive Conley of his right to use, sell, and/or license the property and to appropriate the property to Defendant's own use and to the use of person(s) and entity(ies) not entitled to the property.

66.     As a direct result of Defendant's conduct, Conley sustained damages in the form of unpaid revenues from Defendant's unauthorized sale of licenses of the Copyrighted

Software and deprivation of his right and ability to properly license or sell the Copyrighted Software to person(s) and entity(ies).

WHEREFORE, Plaintiff, Todd Conley, seeks judgment be entered in his favor and against Defendant, Daniel S. Vacanti, for monetary damages, plus interest, and such other relief as this Court deems just and equitable.

## COUNT IV – BREACH OF CONTRACT

67.     Conley realleges and re-avers paragraphs 1 through 31 as if fully set forth herein.

68.     On or about August 2013, Conley and Defendant entered into the Agreement, pursuant to which Defendant agreed to divide equally all revenues from the sale of licenses for the Copyrighted Software between Conley and Defendant.

69.     At all times material hereto, the Agreement was valid and binding.

70.     Conley was properly compensated for the sale of licenses for the Copyrighted Software up to and through June of 2019 in accordance with the terms of the Agreement.

71.     However, Defendant failed to pay Conley his share of the sale of licenses for the Copyrighted Software from July 1, 2019, up to and through the undersigned date.

72.     Defendant's failure to provide Conley his share of the revenues pursuant to the Agreement and license constitutes a material breach of the Agreement.

73.     As a direct result of Defendant's failure to pay as required, Conley has sustained damages in the form of unpaid revenues from Defendant's unauthorized sale of licenses of the Copyrighted Software.

WHEREFORE, Plaintiff, Todd Conley, demands judgment against Defendant, Daniel S. Vacanti, for all contractual damages, prejudgment interest, reasonable attorneys' fees, the costs of suit herein, and such other and further relief that this Court deems proper.

12

## COUNT V – PROMISSORY ESTOPPEL

74. Conley realleges and re-avers paragraphs 1 through 31 as if fully set forth herein.

75. Defendant agreed and promised that he would divide equally all revenues from the post-July 1, 2019, sale and/or licensing of the Copyrighted Software between Conley and Defendant in exchange for a license to use and market the Copyrighted Software owned by Conley.

76. In making such representation, Defendant knew or should have known that Conley would reasonably rely upon such representation and agree to license his Copyrighted Software to Defendant in return for an equal share of the revenue.

77. Defendant knew or should have known that as a result of his promise, Conley would be induced by Defendant's actions.

78. In reasonable reliance on Defendant's representation, Conley granted Defendant a license to use the Copyrighted Software but was not paid in accordance with the Parties' Agreement.

79. As a result of Defendant's failure to perform according to the promise that he made to Conley, Conley has sustained damages at least in the form of unpaid revenues from Defendant's unauthorized sale of licenses of the Copyrighted Software. An injustice to Conley can be avoided only by the enforcement of Defendant's promise.

WHEREFORE, Plaintiff, Todd Conley, seeks judgment to be entered in his favor and against Defendant for monetary damages, injunctive relief, plus interest, and such other relief as this Court deems just and equitable.

## COUNT VI – UNJUST ENRICHMENT

80. Conley realleges and re-avers paragraphs 1 through 31 as if fully set forth herein.

81.     In the alternative, Conley asserts that Defendant was unjustly enriched by his unauthorized sale of the Copyrighted Software outside the scope of the license and in breach of the Agreement.

82.     By licensing the Copyrighted Software to Defendant and allowing him to license, market and sell the Copyrighted Software to third parties, Conley conferred a benefit upon Defendant.

83.     Defendant received the benefit of retaining all of the revenues collected in connection with the sale and/or licensing of the Copyrighted Software despite only being contractually entitled to half of the revenues.

84.     Defendant had knowledge that Conley was conferring a benefit on him for which Conley did not receive the agreed-upon compensation after July 1, 2019.

85.     Defendant voluntarily accepted and retained the benefit of the revenues received from his sale and/or licensing of the Copyrighted Software.

86.     Defendant has wrongfully failed to compensate Conley and has denied Conley his portion of the revenues earned from the sale and/or license of the Copyrighted Software.

87.     Defendant has been unjustly enriched by receiving and retaining the benefits provided by Conley without making payments in return.

88.     The circumstances are such that it would be unjust and inequitable for Defendant to retain the benefit without paying the value thereof to Conley.

WHEREFORE, Plaintiff, Todd Conley, requests judgment be entered in his favor, against Defendant for monetary damages, injunctive relief, compensatory damages, interest, and any other relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues so triable as a matter of

law. **Dated this 1st day of June, 2023.**

Respectfully Submitted,

/s/ Mark C. Johnson
MARK C. JOHNSON, ESQ.
TRIAL COUNSEL
*Florida Board Certified Expert in*
*Intellectual Property Law*
U.S.P.T.O. Reg. No. 69,349
Florida Bar No.: 84365
MJ@JOHNSONDALAL.COM

**JOHNSON | DALAL**
111 N. PINE ISLAND ROAD
SUITE 105
PLANTATION, FL 33324
Tel:  (954) 507-4500
Fax: (954) 507-4502

15