UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:23-cv-60384-AHS

TODD CONLEY,

    Plaintiff,

v.

DANIEL S. VACANTI,

    Defendant.

_____/

## MOTION TO DISMISS DEFENDANT'S SECOND AMENDED COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), Plaintiff Todd Conley (hereinafter, "Plaintiff" or "Conley") hereby moves to dismiss Defendant Daniel S. Vacanti's ("Defendant") Second Amended Counterclaims (ECF No. 40) for failure to state a claim (with respect to Counts I-III) and lack of subject matter jurisdiction (with respect to Count I only).

### MEMORANDUM OF LAW AND FACT

**A. RELEVANT FACTUAL BACKGROUND**

Conley is a software developer who is renowned for his creation and development of high-performance, reliable software with intuitive user interfaces. ECF No. 22, ¶ 10. In or around August of 2013, Defendant and Conley agreed to collaborate on the development, promotion, marketing, and sale of the Actionable Agile Tool software. ECF No. 22, ¶ 11. Conley was responsible for the creation and development of the Actionable Agile Tool software whereas Defendant was responsible for providing customer-oriented services relating to the Actionable Agile Tool software, including sales, marketing, training, and support. ECF No. 22, ¶ 12. As part of the Agreement between Defendant and Conley, the revenues from the sale of licenses for the

Actionable Agile Tool software were to be divided equally between Conley and Defendant. ECF No. 22, ¶ 13. Beginning in 2017, Conley developed a novel and unique variation of the Actionable Agile Tool software. ECF No. 22, ¶ 14. This post-2016 version of the Actionable Agile Tool software was registered with the U.S. Copyright Office and ultimately became the Copyrighted Software, embodied, for example, in Copyright Registration No. TX0008869732. ECF No. 22, ¶ 15. Conley is the sole and exclusive owner of all copyrights in and to the Copyrighted Software. ECF No. 22, ¶ 22. On or around July 1, 2019, Defendant ceased compensating Conley for the sale of licenses for the Copyrighted Software but continued using, marketing, and licensing the Copyrighted Software. ECF No. 22, ¶¶ 17-19. Defendant's use and licensing of the Copyrighted Software after July 2019 was done without Conley's permission, consent, or authorization. ECF No. 22, ¶ 20.

On February 28, 2023, Conley instituted this proceeding against Defendant. ECF No. 1. Conley thereafter amended the complaint twice, wherein the Second Amended Complaint ("SAC") is currently the operative pleading. ECF No. 22. The SAC contains six (6) counts—copyright infringement (Count I), violation of Florida's Deceptive and Unfair Trade Practices Act (Count II), civil theft (Count III), breach of contract (Count IV), promissory estoppel (Count V), and unjust enrichment (Count VI). Defendant filed a Motion to Dismiss Counts I-III of the SAC pursuant to Rule 12(b)(6), and an Answer, Affirmative Defenses, and Counterclaim which were subsequently amended and re-filed. *See* ECF No. 33. Conley moved to dismiss Counts I-V of the Amended Counterclaim for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and Count I for lack of subject matter jurisdiction. ECF No. 35. In turn, Defendant filed an unopposed motion for leave (ECF No. 38) to file a Second Amended Answer, Affirmative Defenses, and Restated Counterclaims which was subsequently granted. Defendant filed its Second Amended Answer, Affirmative Defenses, and Restated Counterclaims (ECF No. 40) and Conley's Motion to Dismiss

was denied as moot. ECF No. 41. Defendant's Second Amended Counterclaims re-assert his previous claims for Declaratory Judgment of Invalid Copyrights[1] (Count I), breach of contract (Count II), and breach of fiduciary duty (Count III). ECF No. 40. Because Counts I-III suffer from the same deficiencies identified in Conley's previous Motion to Dismiss (ECF No. 35), Conley hereby moves to dismiss Counts I-III of the Second Amended Counterclaims under Federal Rules Civil Procedure 12(b)(1) and (6).

### B. LEGAL STANDARD

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At the pleading stage, a complaint should only be dismissed if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This standard requires "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678 (explaining that Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

Generally, when reviewing a motion under Rule 12(b)(6), a court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002);

---

1. Unlike the previous claim, the amended claim does not seek cancellation of the Asserted Registrations; it does, however, still seek a declaratory judgment that the Asserted Registrations are invalid.

*AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009).  However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).  A court considering a Rule 12(b)(6) motion to dismiss is limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim.  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

  C. **LEGAL ARGUMENT**

  1. **Count I for declaratory judgment fails to state a claim and is improperly before the Court for lack of subject matter jurisdiction.**

Count I of the Second Amended Counterclaims seeks a declaratory judgment that the Asserted Registrations (as that term is defined in the Second Amended Counterclaims, *see* ECF No. 40, ¶ 60) are invalid. Count I is improper and/or insufficient for multiple reasons as explained below, and merits dismissal with prejudice.

As a preliminary matter, this Court lacks subject matter jurisdiction to cancel the Asserted Registrations or to declare them invalid, warranting dismissal of Count I pursuant to Rule 12(b)(1). A district court lacks jurisdiction to cancel or declare invalid a copyright registration. *See PK Studios, Inc. v. R.L.R. Invs., LLC*, 2016 U.S. Dist. LEXIS 116057, *27-28 (M.D. Fla. Aug. 30, 2016) (dismissing, with prejudice, claim for declaratory judgment seeking a declaration that the asserted copyright registration in suit be cancelled by the Copyright Office); *Lifecell IP Holdings, LLC v. South Beach Skin Care, Inc.*, 2020 U.S. Dist. LEXIS 128490 (S.D. Fla. July 16, 2020)

(dismissing, with prejudice, claim for declaratory judgment seeking a declaration that the asserted copyrights are unenforceable because the court lacks the authority to unilaterally cancel copyright registrations). "Although 'the Eleventh Circuit has not yet addressed the role of courts in the cancellation of copyright registrations,' several courts have held that cancellation is an administrative process handled directly with the Copyright Office, not an issue to be resolved judicially in the first instance." *Pk Studios*, 2016 U.S. Dist. LEXIS 116057, at *27-28 (internal citations omitted); *see also Brownstein v. Lindsay*, 742 F.3d 55, 75 (3d Cir. 2014) ("Courts have no authority to cancel copyright registrations because that authority resides exclusively with the Copyright Office."); *App Dynamic ehf v. Vignisson*, 87 F. Supp. 3d 322, 331 (D.D.C. 2015) ("The authority to invalidate or cancel Defendant's copyright registration lies with the Copyright Office itself."); *Li v. Affordable Art Co.*, No. 1:12-CV-03523-RLV, 2014 U.S. Dist. LEXIS 190314, 2014 WL 11862796, at *7 (N.D. Ga. Feb. 10, 2014) ("[F]ederal district courts have no inherent or statutory authority to cancel copyright registrations."); *Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 782 (9th Cir. 2002) (referring issue of copyright registration cancellation to Register of Copyrights pursuant to "primary jurisdiction" doctrine).

Because the Court lacks subject matter jurisdiction to cancel a copyright registration, to declare it invalid, or to otherwise direct the Copyright Office to cancel it, Defendant has pled no judicially "redressable injury" and a declaration as to what the U.S. Copyright Office *should* do—e.g., cancel it for invalidity—would amount to an advisory opinion prohibited by Article III's case and controversy requirement. *Pk Studios*, 2016 U.S. Dist. LEXIS 116057, at *27. Accordingly, Count I should be dismissed with prejudice.

Moreover, the Court can (and should) exercise its discretion to dismiss Count I with prejudice because it consists of a declaratory judgment claim that serves no useful purpose and that would be completely resolved by the resolution of Conley's claims and/or Defendant's

5

affirmative defenses. "[I]f a request for declaratory judgment does not serve a useful purpose, dismissal of the counterclaim may be warranted." *Vania Santeiro v. Wacko's Too*, 2018 U.S. Dist. LEXIS 244168, *15-16 (M.D. Fla. Oct. 30, 2018). "In deciding whether declaratory judgment serves a useful purpose, a court considers 'whether resolution of plaintiffs claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim.'" *Id.* at *16 (quoting *Medmarc Cas. Ins. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011)). "The decision to dismiss a counterclaim as redundant is within the Court's discretion." *RLI Ins. Co. v. Fla. Beauty Express, Inc.*, 2022 U.S. Dist. LEXIS 216746, *8 (S.D. Fla. Nov. 30, 2022).

Here, Count I of Defendant's Second Amended Counterclaim seeks a declaration that the Asserted Registrations are invalid. Resolution of the SAC and of Defendant's affirmative defenses, however, would completely resolve this question. Count I of the SAC consists of a claim for copyright infringement of the Copyrighted Software that is embodied in the Accused Registrations and Paragraph 32 of the SAC specifically alleges that "Conley owns **valid** copyrights in the Copyrighted Software." ECF No. 22, ¶ 32 (emphasis added). In fact, the validity of the Accused Registrations is an element that Conley must prove as part of his copyright infringement claim. *See Bork v. Quynh*, 2020 U.S. Dist. LEXIS 138515, *2 (M.D. Fla. Aug. 4, 2020) ("Two elements must be proven to make a prima facie case for copyright infringement: '(1) ownership of a **valid** copyright, and (2) copying of constituent elements of the work that are original.'") (emphasis added) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)). The validity of the Accused Registrations, therefore, would be an issue that would necessarily be resolved upon resolution of Count I of the SAC. Moreover, the purported invalidity of the Accused Registrations is an issue raised by the Defendant in its First Affirmative Defense for Fraud on the Copyright Office. ECF No. 40, at 18-19; *see also Roberts v. Gordy*, 877

F.3d 1024, 1030 (11th Cir. 2017) ("Therefore, in order to invalidate a [copyright] registration, (1) the application must contain inaccuracies, (2) the inaccuracies must be material, and (3) the applicant must have the required scienter of intentional or purposeful concealment. While the district court correctly found material inaccuracies in the registrations, it erred by not applying the appropriate scienter for Fraud on the Copyright Office."). Consequently, Count I of the Second Amended Counterclaim is redundant of Count I of the SAC and of Defendant's first affirmative defense, serves no useful purpose, and should respectfully be dismissed.

2. **Defendant's contract-based claims in Counts II-III are insufficiently pled and fail to state a claim.**

Count II (breach of contract) and Count III (breach of fiduciary duty) also warrant dismissal because they are insufficiently pled and fail to state a claim.

Under Florida law, to prevail on a breach of contract claim, the Defendant must establish "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC*, 857 F. Supp. 2d 1294, 1301 (S.D. Fla. 2012) (quoting *Vega v. T—Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009)). A contract is not enforceable unless "'there has actually been a meeting of the minds of the parties upon definite terms and conditions which include the essential elements of a valid contract.'" *Leopold v. Kimball Hill Homes Fla., Inc.*, 842 So. 2d 133, 136 (Fla. 2d DCA 2003) (quoting *Mehler v. Huston*, 57 So.2d 836, 837 (Fla. 1952)). "Furthermore, to prove a breach of an oral contract, a plaintiff must establish that the parties mutually assented to a certain and definite proposition and left no essential terms open." *Merle Wood & Assocs., Inc.*, 857 F. Supp. 2d at 1301 (internal quotation marks and citations omitted).

In Count II of the Second Amended Counterclaim, the Defendant alleges that "Conley breached the parties' agreement by abandoning the parties' business without notice and without

7

providing Mr. Vacanti a reasonable opportunity to find someone to replace Conley despite knowing that existing customers relied on critical updates to the Actionable Agile software they were licensing from the parties." ECF No. 40, ¶ 81. Nowhere in the pleading, however, does the Defendant establish that providing a termination notice and a reasonable opportunity to find a replacement was a material and essential term of the Parties' agreement that Conley assented to. In other words, there are no factual averments to the effect that, as part of the Parties' agreement, Conley was contractually *required* to provide Defendant with advance notice of his termination and to provide Defendant with a reasonable opportunity to find a replacement. In the absence of any such contractual duty to do so, Conley's failure to provide a termination notice does not (and cannot) rise to the level of a breach of contract. "In oral contract actions the complaint must allege the mutual formation of an oral contract, the obligation thereby assumed, consideration, and a breach." *Int'l Brokerage & Surplus Lines, Inc. v. Liberty Mut. Ins. Cos.*, 2007 U.S. Dist. LEXIS 5847, 2007 WL 220172 (M.D. Fla. Jan. 26, 2007). Here, the Defendant has wholly failed to allege that Conley assumed the obligation to provide the notice that forms the basis of the purported breach. In light of this, Count II is insufficiently pled and should respectfully be dismissed for failure to state a claim for breach of contract.

Count III suffers from the same pleading deficiency. Defendant avers that, "Conley breached his fiduciary duties to Mr. Vacanti in connection with the ActionableAgile business by (1) misrepresenting Mr. Vacanti's ownership interest in the Actionable Agile software and (2) abandoning the partnership without notice while the parties had ongoing licensing agreements under which the ActionableAgile business was responsible for maintaining a working version of the Actionable Agile software and updating the software based on the customers' needs." ECF No. 40, ¶ 86. Neither of these facts, however, *even if taken to be true*, would amount to a breach of

any cognizable fiduciary duty. Pursuant to Fla. Stat. § 620.8404 (which Defendant cites in Count III as a basis for the fiduciary duty), only the following enumerated duties of loyalty apply:

 a. To account to the partnership and hold as trustee for the partnership any property, profit, or benefit derived by the partner in the conduct and winding up of the partnership business or derived from a use by the partner of partnership property, including the appropriation of a partnership opportunity;

 b. To refrain from dealing with the partnership in the conduct or winding up of the partnership business as or on behalf of a party having an interest adverse to the partnership; and

 c. To refrain from competing with the partnership in the conduct of the partnership business before the dissolution of the partnership.

Neither of the two accused actions which purportedly constitute a breach fall within the scope of these three categories. Moreover, the Counterclaim fails to provide any specifics with respect to when, where, how, and to whom Conley purportedly "misrepresented" Defendant's ownership interest. The only duty of care a partner owes to the partnership and the other partners is in the conduct and winding up of the partnership business, namely, to refrain from engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law. Fla. Stat. § 620.8404(3). Neither of the two accused actions which purportedly constitute a breach rise to the level of grossly negligent, reckless, or intentional misconduct and, in any case, the accused actions did not occur (if at all) in the winding up of the partnership business. The statute further acknowledges that "[a] partner does not violate a duty or obligation under this act or under a partnership agreement merely because the partner's conduct furthers the partner's own interest." Fla. Stat. § 620.8404(5). To state a claim for breach of fiduciary duty, Defendant must plead the existence of a fiduciary duty and the breach of that duty such that it is the proximate cause of his damages. *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002). Count III fails to sufficiently plead and identify the existence of a fiduciary duty under statutory or common law.

For all of the foregoing reasons, the contract-based claims in Counts II-III should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

WHEREFORE, Plaintiff Todd Conley respectfully requests that this Court **GRANT** the instant Motion to Dismiss and dismiss Counts I-III of Defendant's Second Amended Counterclaim (ECF No. 40) with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

Dated: September 13, 2023

Respectfully submitted,

                **JOHNSON | DALAL**
                *Attorneys for Plaintiff*
                111 N. Pine Island Road, Suite 105
                Plantation, FL 33324
                Telephone: (954) 507-4500
                Email: VB@JohnsonDalal.com
                          Info@JohnsonDalal.com

        By:    /Veronika Balbuzanova/
                    Veronika Balbuzanova, Esq.
                    Fla. Bar No. 1018462

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I further certify that a true and correct copy of the foregoing is being served this day on all parties and counsel of record, via transmission of Notices of Electronic Filing generated by CMF/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Dated: September 13, 2023

Respectfully submitted,

                **JOHNSON | DALAL**
                *Attorneys for Plaintiff*
                111 N. Pine Island Road, Suite 105
                Plantation, FL 33324
                Telephone: (954) 507-4500

             Email: <u>VB@JohnsonDalal.com</u>
                 <u>Info@JohnsonDalal.com</u>

      By: <u>/Veronika Balbuzanova/</u>
         Veronika Balbuzanova, Esq.
         Fla. Bar No. 1018462