UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TODD CONLEY,             )
                         )
    Plaintiff,           )
                         )  Case No. 0:23-cv-60384-AHS
v.                       )
                         )
DANIEL S. VACANTI, et al., )
                         )
    Defendants.          )

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT DANIEL S. VACANTI'S COUNTERCLAIM**

Plaintiff Todd Conley's ("Conley") Answer was filed more than three months out-of-time, after the summary judgment deadline, without seeking for leave of Court, without this Court's order granting leave, without having met-and-conferred with Defendants, and without any showing of either good cause or excusable neglect. Conley's unilateral action violated both the Federal Rules as well as this Court's Local Rules, and is supported by no legal basis. The Court should strike his Answer as both untimely and for violating numerous court rules.

## INTRODUCTION

On July 15, 2014, Defendants filed their Answer to Plaintiff's Fourth Amended Complaint. DE [85]. The docket entry clearly states that their Answer included a "COUNTERCLAIM." *Id*. Under Federal Rule of Civil Procedure 12, Conley had 21-days thereafter to answer Defendant Vacanti's Counterclaim. *See* Fed. R. Civ. P. 12(a)(1)(B). Conley did not answer.

On November 13, 2024 (122 days later), counsel for the parties met and conferred on Conley's forthcoming motion to strike Defendants' Motions *in Limine*, at which time Defendants' counsel informed Conley that per Motion *in Limine* No. 3, Defendants sought to exclude at trial Conley's opposition to Defendant Vacanti's Counterclaim because Conley failed to timely answer.

1

Rather than state that Conley opposed this Motion *in Limine*, Conley's counsel refused to state their client's position, and instead stated counsel would need several days to review and respond. That same evening, however, and **mere hours** after the meet-and-confer earlier that day, Conley filed his Answer. *See* DE [125]. Conley filed no motion for leave to file his Answer out-of-time; obtained no leave of Court; engaged in no meet-and-confer with Defendants' counsel[1]; and offered no good cause or excusable neglect to explain his behavior.

On November 19, 2024, counsel for the parties held another meet-and-confer on Defendants' motion to strike Conley's Answer, as well as Defendants' motion for leave to file their renewed Motions *in Limine*. During that call, Conley's counsel stated that Defendants' Motion *in Limine* was the "first time" they were aware that Conley had not answered. Defendants' counsel informed Conley's counsel that the docket entry for DE [85] clearly stated that the Answer included a counterclaim.

## LEGAL STANDARDS

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Supreme Court as identified four factors which should be considered when a late filing results from excusable neglect: (1) "the danger of prejudice" to the nonmovant; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Satco Prods., Inc. v. Seoul Semiconductor, Co.*, 551 F. Supp. 3d 1329, 1331 (N.D. Ga. 2021) (quoting *Pioneer Inv. Servs. Co.*

---

[1] In fact, Conley's counsel never informed Defendants' counsel at any time prior that Conley was going to file an Answer, let alone file one later that same day.

*v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 395 (1993)). The Court's decision is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs.*, 507 U.S. at 395. While excusable neglect has been described as a somewhat "elastic concept" not strictly limited to circumstances beyond the movant's control, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect[.]'" *Id.* at 392.

"The burden is on the party seeking an extension of time to make an affirmative showing of excusable neglect which requires a showing of both good faith by the moving party and a reasonable basis for not having made the filing within the time period." *Smith v. Safelite Fullfillment, Inc.*, No. 1:21-CV-2547-SEG, 2024 WL 3164648, at *2 (N.D. Ga. May 3, 2024) (quoting *Hennington v. Bank of Am.*, No. 1:10-CV-1350-WSD, 2010 WL 5860296, at *4 (N.D. Ga. Dec. 21, 2010)). "A court does not abuse its discretion by refusing to accept an out-of-time filing when there is no affirmative showing of excusable neglect under Rule 6(b)." *Id.* (quoting *Mosley v. MeriStar Mgmt. Co., LLC*, 137 F. App'x 248, 250 (11th Cir. 2005)).

Conley cannot establish either good faith or excusable neglect here, and so his Answer should be rejected.

## I. Conley failed to move for leave to file out of time.

As a threshold matter, Rule 6(b) allows the Court to extent the time to perform an act out of time "**on motion made** after the time has expired[.]" Fed. R. Civ. P. 6(b)(1)(B). Conley made no motion; **He simply filed his answer**. He has not satisfied even this modest requirement, and so his Answer should be stricken.

**II.     Conley never met and conferred with Defendants regarding his intention to seek leave to answer out of time, and his counsel's conduct was not good faith.**

As the parties are aware, S.D. Fla. L.R. 7.1(a)(3) requires that before filing any civil motion, "counsel for the movant shall confer . . . or make reasonable effort to confer . . . with all parties or non-parties who may be affected by the relief sought" in a "good faith effort to resolve by agreement the issues to be raised in the motion." On November 13, 2024—the day Conley answered—counsel for the parties met and conferred on Conley's forthcoming motion to strike Defendants' Motions *in Limine*. At no time did Conley's counsel inform Defendants that Conley planned to Answer, nor did Conley's counsel seek Defendants' position. In fact, when Defendants' counsel asked if there was a possibility Conley wouldn't oppose Defendants Motion *in Limine* seeking to bar Conley from opposing Defendant Vacanti's Counterclaim, Conley's counsel **refused to answer**, stating that counsel needed more time to evaluate the legal issue. Despite this representation, Conley proceeded to file an answer **hours later** and without informing Defendants in advance. The conduct of Conley's counsel belies a finding of good faith.

**III.    Conley's failure to timely answer appears to be the result of his counsel's negligence.**

Conley's failure to timely answer appears to be the result of his counsel's negligence and oversight. During the November 13 meet-and-confer, Conley's counsel informed Defendants that she became aware of Conley's failure to answer for the "first time" through Defendants' Motion *in Limine*. The docket entry for Defendants' Answer, however, clearly indicates that Defendant Vacanti filed a Counterclaim. *See* DE [85] ("ANSWER and Affirmative Defenses to Amended Complaint with Jury Demand *to Fourth Amended Complaint*, **COUNTERCLAIM against Todd Conley** . . . .") (emphasis added). The fact of the Counterclaim is clearly indicated in the docket, and so Conley's failure to answer appears to be the result of his counsel's failure to carefully read the entry. Moreover, to the extent that Conley argues that the title in the Answer does not directly

4

reference a counterclaim, the Answer and Affirmative Defenses account for 78 of the 91-page pleading. Had his counsel carefully read through the Answer (which he or she presumably did, considering Conley moved for judgment on many of Defendants' Affirmative Defenses, *see* DE [110], at 32–51), Conley would have realized there were an **additional thirteen (13) pages**.

At bottom, only counsel's negligence can explain Conley's belated Answer, and that does not constitute excusable neglect. See *S.E.C. v. Simmons*, 241 F. App'x 660, 662–63 (11th Cir. 2007) (finding no excusable neglect based upon counsel's gross negligence in failing to answer); *285 W. 24th Street Fam. Co., LLC v. United Specialty Ins. Co.*, No.1:22-cv-20373-JLK, 2024 WL 2815245, at *3 (S.D. Fla. Apr. 3, 2024) (counsel's failure to calendar response deadlines is not excusable neglect); *Solaroll Shad & Shutter Corp. Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986) ("an attorney's negligent failure to respond to a motion does not constitute excusable neglect").  Because Conley cannot carry his burden to establish excusable neglect, his Answer should be stricken.

## IV.     **Defendants would be prejudiced if Conley answered at this late hour.**

Summary judgment and *Daubert* motions have been filed. *See* DEs [107], [110], [112], [113], [117].  Conley filed a motion for summary judgment on several of Defendants' Defenses. By filing his Answer after the summary judgment deadline, Conley deprived Defendants of the opportunity to know what Conley's defenses are and to similarly attack them as appropriate in their summary judgment motions.

Further, the case is also currently set for trial in February 2025, and absent an extension, pre-trial preparations will likely begin in earnest. Allowing Conley to deny and dispute Defendants' Counterclaim allegations would impose additional cost and expense on Defendants as they would necessarily need to prepare their evidence to prove their case-in-chief to establish

5

liability on the Counterclaim, when liability has been effectively conceded by Conley's default. *Blanton v. Univ. of Fla. ex rel. Bd. of Trustees of Univ. of Fla.*, No. 2:05-cv-421-FtM-34SPC, 2008 WL 928114, at *2 (M.D. Fla. Apr. 4, 2008) (finding no excusable neglect where counsel filed motion for costs and fees seven (7) days late because nonmovant would be prejudiced by incurring cost of defense); *see also Slaughter v. Gramiak*, No. 5:15-cv-90, 2018 WL 1937353, at *1 (S.D. Ga. Apr. 24, 2018) (recognizing that default occurred by operation of law when defendants failed to timely answer).

## CONCLUSION

Conley's cannot satisfy Rule 6(b) or the Court's local rules. He filed no motion. He engaged in no meet-and-confer. He did not obtain the Court's leave. And his Answer appears to be the direct result of his counsel's negligence. Each of these weigh against any finding of excusable neglect, and so his Answer should be stricken.

WHEREFORE, Defendants respectfully request that the Court grant this motion, strike Conley's Answer, and enter any additional relief deemed just and proper.

Per Local Rule 7.1, the undersigned hereby certifies that on or about 10:00 a.m. CT on November 19, 2024, counsel for the parties conferred telephonically regarding this motion in good faith and were unable to reach resolution.

Dated: November 21, 2024   Respectfully submitted,

**STINSON LLP**

By: /s/ Luke R. VanFleteren
Luke R. VanFleteren (#1001050FL)
1625 N. Waterfront Parkway, Suite 300
Wichita, Kansas 67206
Telephone: (316) 265-8800
Fax: (316) 265-1349
luke.vanfleteren@stinson.com

        David R. Barnard (#47127MO)
        1201 Walnut Street, Suite 2900
        Kansas City, Missouri 64106
        Telephone: (816) 691-2608
        Fax: (816) 412-1017
        david.barnard@stinson.com
        (Admitted Pro Hac Vice)

        Adrianna Chavez (#0305011 AZ)
        1850 N. Central Avenue, Suite 2100
        Phoenix, Arizona 85004
        Telephone: (602) 279-1600
        Fax: (602) 240-6925
        adrianna.chavez@stinson.com
        (Admitted *Pro Hac Vice*)

        Jacob R. Schlueter (#73929MO)
        7700 Forsyth Blvd., Suite 1100
        St. Louis, MO 63105
        Telephone: (314) 863-0800
        Fax: (314) 259-3960
        jacob.schlueter@stinson.com
        (Admitted *Pro Hac Vice*)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21 day of November, 2024, a true and complete copy of the foregoing has been served by the Court's electronic filing system on all counsel of record.

Dated: November, 21 2024 /s/ Luke R. VanFleteren
Attorneys for Defendants