UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60384-CIV-SINGHAL

TODD CONLEY,

    Plaintiff,

v.

DANIEL S. VACANTI, *et al.*,

    Defendants.

_____/

## ORDER

**THIS CAUSE** has come before the Court on three (3) motions: Defendants Daniel S. Vacanti ("Mr. Vacanti"), Daniel S. Vacanti, Inc. ("DSV"), and Actionable Agile LLC's ("AA LLC") Motion for Summary Judgment (the "D. Vacanti Defendants' Motion") (DE [107]); Plaintiff Todd Conley's ("Mr. Conley" or "Plaintiff") Motion for Partial Summary Judgment ("Plaintiff's Motion") (DE [110]); and Defendants Ann Vacanti ("Mrs. Vacanti") and AMH Alba, LLC's ("AMH") Motion for Summary Judgment (the "A. Vacanti Defendants' Motion") (DE [113]).  Each motion was filed on November 12, 2024.

Plaintiff filed a Response in Opposition to the D. Vacanti Defendants' Motion (DE [145]) on December 10, 2024, and the D. Vacanti Defendants submitted their Reply (DE [159]) on December 17, 2024.  On those same days, Defendants filed their Response in Opposition to Plaintiff's Motion for Partial Summary Judgment (DE [148]) and Plaintiff rebutted with his Reply (DE [156]), respectively.  And on December 12, 2024, Plaintiff filed his Response in Opposition to the A. Vacanti Defendants' Motion (DE [153]), after which, on December 19, 2024, the A. Vacanti Defendants filed their Reply (DE [163]).

Finally on February 3, 2025, Plaintiff submitted an Omnibus Sur-Reply. (DE [173]). Thus, the motions were all ripe for adjudication by the Court.

The motions were referred to Magistrate Judge Bruce E. Reinhart for a Report and Recommendation ("R&R") on December 30, 2024, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. Rule 72, and the Magistrate Rules of the Local Rules of the Southern District of Florida. *See* (DE [164]). On March 3, 2025, Judge Reinhart issued an R&R, recommending that Plaintiff's Motion be denied and both of Defendants' motions be granted in part and denied in part. *See* (DE [176] at p. 50). Additionally, Judge Reinhart granted Defendants' request to voluntarily dismiss Affirmative Defenses 8, 20, 23, 31, 33, and 34. *Id.*

On March 10, 2025, Plaintiff submitted his Notice of Non-Objection, "advising . . . that he [did] not intend to file objections to the Report and Recommendation." (DE [177] at p. 1). Defendants, however, filed Objections to the Report and Recommendation on March 17, 2025. *See* (DE [178]) (the "Objections"). Plaintiff got in the last word with his Response in Opposition to Defendants' Objections to the Report and Recommendation (DE [179]), which was submitted on March 31, 2025. The Court has reviewed the extensive briefing for these motions and the record and is fully advised in the premises.

I. **BACKGROUND**

The Court will not rework the facts, background, and applicable legal standards that were articulated by Judge Reinhart. This Court adopts Judge Reinhart's description of the factual and procedural background and the applicable legal standards in the Report and Recommendation (DE [176]) and incorporates that background by reference herein.

Defendants raise several objections, which the Court now assorts into three different categories. First, Defendants reason "there is no need[]" to analyze the state law claims, because Judge Reinhart concluded that all Defendants' motions should be granted as to Count I—the only federal claim. (DE [178] at p. 5; DE [176] at p. 2, ¶ 2). Judge Reinhart had found Plaintiff's copyright claims to be time barred. (DE [178] at p. 5). Second, Defendants argue that, notwithstanding the statute of limitations obstacle, they have put forward other, meritorious defenses and challenges to Plaintiff's copyright claims, which the R&R did not credit. *Id.* at 5-6. Third, Defendants contend that, if the Court rejects their first objection and examines the state law claims, they are "likewise entitled to judgment on many. . ." *Id.* at p. 6. In particular, Defendants draw attention to Plaintiff's breach of contract, promissory estoppel, unjust enrichment, and common law fraud claims. *Id.* at p. 11-13. The Court will address these objections, as appropriate.

## II. STANDARDS OF REVIEW

### A. Review of a Magistrate Judge's Report and Recommendation

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

B. <u>Summary Judgment</u>

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if 'the movant shows that there is no genuine [dispute] as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a));[1] *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is "genuine" if a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). "[W]here the material facts are undisputed and do not support a reasonable inference in favor of the non-movant, summary judgment may properly be granted as a matter of law." *DA Realty Holdings, LLC v. Tenn. Land Consultants*, 631 Fed. Appx. 817, 820 (11th Cir. 2015).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to

---

[1] The 2010 Amendment to Rule 56(a) substituted the phrase "genuine dispute" for the former "'genuine issue' of any material fact."

reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015). "[T]his, however, does not mean that we are constrained to accept all the nonmovant's factual characterizations and legal arguments." *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994).

### III. ANALYSIS

Judge Reinhart concluded that summary judgment should be granted "for all Defendants on Count I based on the statute of limitations. . .", given his determination that Mr. Conley's copyright claim is "time-barred." (DE [176] at p. 15). The Court does not consider it necessary to revisit the briefing or record on this issue, because neither party has objected to this finding. *See* (DE [178] at p. 6) (". . . Defendants fully agree with the Report's conclusion that Conley's copyright claims are time-barred ownership claims, and so they are entitled to judgment."); (DE [179] at p. 3, n. 2) ("It goes without saying that Conley disagrees with the portion of the Report concluding that his copyright claims are time-barred, and the basis of such disagreement is the legal arguments and authorities originally presented in Conley's summary judgment briefing. But simply because Conley disagrees with the Report's recommendation and stands on his legal argument **does not ipso facto mean that he has a proper objection**.") (emphasis added). Nevertheless, this conclusion from Judge Reinhart's R&R provides an appropriate starting point for the Court's discussion, given the ramifications for the other counts in Plaintiff's Fourth Amended Complaint.

Plaintiff's Fourth Amended Complaint ("FAC") (DE [80]) presents twelve different counts, with Count I for Copyright Infringement as the only claim arising under federal question jurisdiction. Plaintiff specifies in his FAC the basis for this Court's jurisdiction

5

over this action and Defendants: 17 U.S.C. §§ 106, 106A, 501 and 28 U.S.C. §§ 1331, 1338(a). (DE [80] at ¶ 22). And notably, before Plaintiff had filed his FAC, the Court had already cautioned that diversity jurisdiction had not been plead in the FAC's previous iterations, and that, "[t]o the extent that the Court later dismisses Count I, it is well within [the Court's] discretion to dismiss the state law claims. . ." (DE [53] at p. 3, n. 2). Featured in a footnote, that warning sets the scene for the instant dispute. Defendants argue that, because they prevail on the copyright claims, the Court should now "dismiss the remaining state law claims for lack of jurisdiction." (DE [178] at p. 5). In response, Plaintiff offers multiple arguments: that Defendants waived the subject-matter jurisdiction argument and that the Court retains jurisdiction over the remaining state law claims through diversity jurisdiction. But the Court is not persuaded by either rebuttal.

Plaintiff argues that Defendants "waived [the subject-matter jurisdiction] argument as it was not developed in their motions for summary judgment." (DE [179] at p. 5). In elaborating, Plaintiff mentions that Defendants "failed to properly preserve, support, and develop. . ." this argument. *Id.* at p. 6. Yet, as Plaintiff acknowledges, Defendants *did* broach this possibility in the D. Vacanti Defendants' Motion. *Id.* at p. 5; (DE [108] at p. 47-48) ("Alternatively, should the Court determine that summary judgment is appropriate on Conley's copyright claims, the Court should decline to exercise supplemental jurisdiction over the remaining claims."). And irrespective of whether Defendants' argument was sufficiently fleshed out, subject-matter jurisdiction can never be waived or forfeited. *See Doe v. Norwegian Cruise Lines, LTD*, 744 F.Supp.3d 1300, 1306 (S.D. Fla. 2024) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)). As such, objections to subject-matter jurisdiction can be "resurrected at any point in the litigation, and a valid

objection may lead a court midway through briefing to dismiss a complaint in its entirety." *Id.*; *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011) (". . . a party, after losing at trial, may move to dismiss the case because the trial court lacked subject-matter jurisdiction.") (citations omitted).  Accordingly, Plaintiff's first argument cannot withstand scrutiny.

Further, despite Plaintiff's position that subject-matter jurisdiction exists over the remaining state law claims through diversity jurisdiction, this has not been established. Diversity jurisdiction requires "complete diversity of citizenship among the opposing parties and an amount in controversy exceeding $75,000.00, exclusive of interest and costs." *Skiera v. Tiviluk*, 2020 WL 619098, at *1 (M.D. Fla. 2020); 28 U.S.C. § 1332(a). Here, Plaintiff has not sufficiently pled the Parties' citizenship, even after the Court's aforementioned warning in its January 3, 2024 Order. *See* (DE [53] at p. 3, n. 2).

The FAC alleges that AMH "was and is a limited liability company incorporated and organized under the laws of the State of Delaware but having its principal office at 16514 Segovia Cir. S. Fort Lauderdale, FL 33331." (DE [80] at ¶ 6). The FAC also describes AA LLC as "a company incorporated under the laws of the State [of] Delaware but having its registered office located at 16514 Segovia Cir. S. Fort Lauderdale, FL 33331." *Id.* at ¶ 8. Plaintiff reiterates these details in his Response to Defendants' Objections. (DE [179] at p. 7-8). But the citizenship of a limited liability company includes the citizenship of each member. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Plaintiff did not properly allege the citizenship of AMH and AA LLC—an obstacle to establishing diversity jurisdiction. *See Palm Beach Concours, LLC v. SuperCar Week, Inc.*, 2022 WL 18034428, at *2, n. 2 (S.D. Fla. 2022).

7

Likewise, the FAC and Plaintiff's Response to Defendants' Objections allege that Mr. Conley and both Vacantis are "resident[s]" of Colorado and Florida, respectively. (DE [80] at ¶ 1-5, DE [179] at p. 7). Even so, residence "is not dispositive of citizenship." *Palm Beach Concours, LLC*, 2022 WL 18034428, at *2, n. 2. To establish citizenship for a natural person, the pleadings must allege the person's citizenship or domicile. *Travaglio v. Am. Express Co.,* 735 F.3d 1266, 1268-69 (11th Cir. 2013). Since Plaintiff has not pled this properly, the Court cannot verify that there is complete diversity of citizenship between Parties in this case.

Without diversity jurisdiction, the Court must then default back to Plaintiff's original basis for this Court's jurisdiction: 17 U.S.C. §§ 106, 106A, 501 and 28 U.S.C. §§ 1331, 1338(a). (DE [80] at ¶ 22). This Court had jurisdiction over Plaintiff's state law claims through supplemental jurisdiction, as per 28 U.S.C. § 1367(a). Still, district courts "may decline to exercise supplemental jurisdiction over a claim under [§ 1367(a)] if . . . the district court has dismissed all claims over which it has original jurisdiction. . ." 28 U.S.C. § 1367(c). This decision falls squarely "within the sound discretion of the trial court." *Palm Beach Concours, LLC*, 2022 WL 18034428, at *3 (referencing *Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., LLC*, 596 F.3d 1313, 1328 (11th Cir. 2010)).

Federal courts are courts of limited subject-matter jurisdiction. *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (citing *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016)); *S. Fla. Equitable Fund, LLC v. City of Miami, Fla.,* 770 F. Supp. 2d 1269, 1277 (S.D. Fla. 2011). Hence, federal courts can exercise jurisdiction pursuant only to Article III of the U.S. Constitution or a statutory grant of authority to adjudicate the claim. *Westland Com. Park v. Arch Specialty Ins. Co.*,

8

587 F.Supp. 3d 1153, 1155 (S.D. Fla. 2022) (citing *Office of Thrift Supervision v. Paul*, 985 F.Supp. 1465, 1470 (S.D. Fla. 1997)); *Allen v. Wright*, 468 U.S. 737, 750 (1984) (noting that, as per Article III, federal courts adjudicate only "actual 'cases' and 'controversies.'"). For this reason, a court must ensure that "jurisdiction exists over a case, and should itself raise the question . . . at **any point in the litigation** where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (emphasis added); *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)).

The Court is aware of the procedural history and voluminous record in this case. Nonetheless, after affirming and adopting Judge Reinhart's recommendation specific to Count I for Copyright Infringement, it must dismiss without prejudice the remaining state law claims for lack of jurisdiction. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (citing *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)) (The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial."). These claims can be appropriately adjudicated in state court. Thus, the Court departs from Judge Reinhart's R&R and denies summary judgment on all other counts alleged in Plaintiff's FAC. Defendants' remaining objections to the R&R need not be considered at this juncture.

Accordingly, it is hereby **ORDERED and ADJUDGED** that:

1. Judge Reinhart's Report and Recommendation (DE [176]) is **AFFIRMED AND ADOPTED in part and REJECTED in part** as follows:

    a. Plaintiff's Motion for Partial Summary Judgment (DE [110]) is **DENIED**, except as to Affirmative Defenses 9, 16, 18, 26, 27, and 28, which Defendants forfeited.

    b. The D. Vacanti Defendants' Motion for Summary Judgment (DE [107]) and A. Vacanti Defendants' Motion for Summary Judgment (DE [113]) are both **GRANTED in part and DENIED in part**. The motions are **GRANTED** as to Count I (Copyright Infringement), but are otherwise denied.

    c. Defendants' request to voluntarily dismiss Affirmative Defenses 8, 20, 23, 31, 33, and 34 is **GRANTED**.

    d. All of the Fourth Amended Complaint's (DE [80]) remaining Counts (II, III, IV, V, VI, VII, VIII, IX, X, XI, and XII) are **DISMISSED without prejudice**. These claims can be pursued in state court.

2. The Clerk of Court is directed to administratively **CLOSE** this case and **DENY as moot** any remaining pending motions. All deadlines and hearings are **TERMINATED**.

    **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 30th day of June 2025.

Copies furnished counsel via CM/ECF

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE