UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60384-AHS

TODD CONLEY,

        Plaintiff,

v.

DANIEL S. VACANTI, *et al.*,

        Defendants.

_____/

## ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS

THIS CAUSE is before the Court on the Defendants' Motion for Award of Attorneys' Fees and Costs [ECF No. 188], which was referred to me by United States District Judge Raag Singhal for a Report and Recommendation [ECF No. 195]. For the following reasons, it is **RECOMMENDED** that the Motion be **GRANTED IN PART AND DENIED IN PART**.

## I.    BACKGROUND

Plaintiff, Todd Conley, filed this action on February 28, 2023, against Daniel S. Vacanti, alleging copyright infringement under the Copyright Act and unfair competition under the Lanham Act, along with seven state law claims. ECF No. 1. Mr. Conley amended his complaint four times, with the Fourth Amended Complaint asserting one federal claim for copyright infringement and eleven state law claims against Mr. Vacanti; his wife, Ann Vacanti; AMH Alba, LLC; Daniel S. Vacanti, Inc.; and ActionableAgile, LLC. ECF No. 80. Mr. Vacanti also asserted a counterclaim for

breach of fiduciary duty against Mr. Conley. ECF No. 85. The parties filed cross
motions for summary judgment. ECF Nos. 107, 110, 113. The Court ultimately denied
Plaintiff's Motion for Summary Judgment and granted in part and denied in part
Defendants' Motion for Summary Judgment. ECF No. 182. Specifically, the Court
entered summary judgment in favor of Defendants on Mr. Conley's only federal claim,
the copyright infringement claim, finding that the claim was time-barred. *Id.* at 9.
The Court then declined to exercise jurisdiction over the state law claims and
dismissed those claims. *Id.* Defendants now seek costs under Federal Rule of Civil
Procedure 54(d) and reasonable attorney's fees under the Copyright Act, 17 U.S.C. §
505. ECF No. 189.

## II.    LEGAL PRINCIPLES

*A. Attorney's Fees*

Section 505 of the Copyright Act provides:

In any civil action under this title, the court in its discretion may allow
the recovery of full costs by or against any party other than the United
States or an officer thereof. Except as otherwise provided by this title,
the court may also award a reasonable attorney's fee to the prevailing
party as part of the costs.

17 U.S.C. § 505. "The Copyright Act gives the Court broad discretion to determine
whether a party is the prevailing party and whether the amount of fees is reasonable."
*Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1296 (S.D. Fla. 2015). The prevailing party
bears the burden of establishing entitlement to attorney's fees. *Id.*

In exercising this discretion, courts consider "whether imposition of attorney's
fees will further the goals of the Copyright Act, *i.e.*, by encouraging the raising of

2

objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure that the boundaries of copyright law are demarcated as clearly as possible." *MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.*, 198 F.3d 840, 842–43 (11th Cir. 1999). Courts analyze the following non-exclusive factors set forth in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994): "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.*; *see also InDyne, Inc. v. Abacus Tech. Corp.*, 587 F. App'x 552, 554 (11th Cir. 2014).

A "'prevailing defendant does not need to establish that the plaintiff acted in bad faith or brought a frivolous suit' in order to be entitled to an award of fees." *Caracol Tele., S.A. v. Telemundo Tele. Studios, LLC*, No. 18-CV-23443, 2022 WL 17583608, at *3 (S.D. Fla. Aug. 4, 2022) (quoting *Brandon v. New Power Gen., LLC*, No. 15-CV-22738, 2018 WL 1795468, at *1 (S.D. Fla. Jan. 31, 2018)). "Where a defendant is the prevailing party in a copyright case, the presumption in favor of awarding fees to the defendant is very strong." *Katz*, 127 F. Supp. 3d at 1297.

### B.  Costs

Under the Federal Rules, prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute.  *See* Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party.  *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).  Such presumption, however, is not without limits and courts may only tax

costs as authorized by statute. *See EEOC v. W&O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445 (1987)).

Title 28, United States Code, Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). Section 1920 provides in part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. In the exercise of sound discretion, the Court is accorded great latitude in ascertaining taxable costs. *See W&O, Inc.,* 213 F.3d at 621. "Absent explicit statutory or contractual authorization, the Court is limited to those costs specifically enumerated in 28 U.S.C. § 1920. *See id.* at 620; *Crawford,* 482 U.S. at 445 (1987).

The Court has an independent obligation to ensure that the fees are reasonable, and costs awarded are proper. *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("[I]t is as much the duty of courts to see that excessive

fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

## III.    DISCUSSION

The Motion argues that (1) Defendants are the prevailing party because the Court entered summary judgment in their favor on Plaintiff's copyright claim; (2) Plaintiff's pursuit of a time-barred copyright infringement claim was objectively unreasonable; (3) Plaintiff's litigation conduct, decisions, and unsupported settlement demands evidence an improper motive; (4) awarding attorney's fees to Defendants would advance the purposes of the Copyright Act to discourage meritless, time-barred claims; (5) the fees sought and rates are reasonable; and (6) Plaintiff's counsel's vexatious conduct supports an award of fees under 28 U.S.C. § 1927. ECF No. 189.

The Response argues that (1) Defendants are not the prevailing party because "the case was dismissed without prejudice for lack of subject matter jurisdiction"; (2) Plaintiff's copyright infringement claim was reasonable; (3) Plaintiff had no improper motive with his litigation decisions and settlement demands; (4) Defendants fee request under § 1927 is unwarranted and lacks evidentiary support; (5) Defendants' attorneys' rates and number of hours are unreasonable; and (6) Defendants failed to follow procedural requirements to establish their entitlement to attorney's fees and costs. ECF No. 192.

Defendants reply that they satisfied all procedural requirements; that they clearly are prevailing parties as they received a judgment in their favor on the copyright infringement claim; that the *Fogerty* factors establish their entitlement to

fees and costs; that they sufficiently supported a claim for fees under § 1927; and that their rates and hours spent were reasonable.

A. *Defendants are the prevailing party.*

Under federal law, a litigant is a prevailing party if there is a "material alteration in the legal relationship of the parties." *Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989). A party can be considered prevailing even without succeeding on all of its claims. *Head v. Medford,* 62 F.3d 351, 354–55 (11th Cir. 1995) (citing *United States v. Mitchell,* 580 F.2d 789, 793–94 (5th Cir. 1978) (party can prevail by obtaining "judgment on even a fraction of the claims advanced.")). The same "prevailing party" analysis applies whether the party is asking for attorneys' fees or costs. *Royal Palm Properties, LLC v. Pink Palm Properties, LLC*, 38 F.4th 1372, 1377 (11th Cir. 2022).

Here, the Court entered summary judgment in favor of Defendants on Plaintiff's only federal claim, the copyright infringement claim, finding that it was time-barred. ECF No. 182. Because only state law claims remained, the Court declined to exercise supplemental jurisdiction over those claims and dismissed them without prejudice. *Id.* at 10. Plaintiff incorrectly argues that Defendants are not prevailing parties because "the case was dismissed without prejudice for lack of subject matter jurisdiction," ignoring the fact that summary judgment was entered against him and, therefore, in favor of Defendants, on the copyright claim. ECF No.

192 at 8.[1] Plaintiff then cites inapposite case law relating to entire cases that were dismissed for lack of jurisdiction, and cites no authority to support an argument that a defendant who obtains summary judgment on federal claims is not a prevailing party when state law claims are dismissed. *Id.*

In *Head*, the district court entered summary judgment in the defendants' favor on the plaintiffs' federal claims, and declined to exercise supplemental jurisdiction over the related state law claims. *Head*, 62 F.3d at 355. In concluding that the defendants were prevailing parties, the Eleventh Circuit explained:

> There is no question but that the district court rendered a judgment in defendants' favor by granting their motion for summary judgment on plaintiff's federal claims although practically that apparently constituted only a small part of plaintiff's claims. That the district court declined to exercise its supplemental jurisdiction under 28 U.S.C. § 1367 and dismissed all of plaintiff's remaining state law claims, does not impair the fact that, as far as the federal case was concerned, defendants prevailed.

*Id.*; *see also, Penrod Bros., Inc. v. City of Miami Beach, Fla.*, No 23-cv-23362, 2025 WL 2882003, at *8 (S.D. Fla. Sept. 2, 2025) (defendant was prevailing party when federal claims were dismissed with prejudice even when state law claims remained pending in state court); *TEKsystems, Inc. v. Andiamo Consulting, LLC*, 2023 WL 9196643, at *5 (M.D. Fla. Aug. 15, 2023) (defendants were prevailing party when court entered summary judgment and declined to exercise jurisdiction over state law claims).

---

[1] Pinpoint citations to the parties' filings refer to the number CM/ECF generates at the top of the page.

Defendants are the prevailing party in this case. They obtained a judgment that they are not liable for copyright infringement, which materially alters the legal relationship between the parties. *See Gray v. Koch Foods, Inc.*, 144 F.4th 1298, 1313–14 (11th Cir. 2025) ("An enforceable judgment on the merits creates the 'material alteration of the legal relationship of the parties.'") (quoting *Buckhannon Bd. & Care Home Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001)); *Vinson v. Koch Foods of Ala., LLC*, 12 F.4th 1270, 1278 (11th Cir. 2021) (dismissal with prejudice is an adjudication on the merits and alters legal relationship); *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 431–32 (2016) (defendant may be prevailing party even if court's final judgment rejects the plaintiff's claim for a nonmerits reason). Even if the state law claims remain pending in the state court, the federal action is over, Plaintiff's federal claim was rejected, Plaintiff cannot re-file the copyright infringement claim in any court, and, therefore, Defendants are the prevailing party.

### B. The Fogerty Factors

Having concluded that Defendants are the prevailing party, I now analyze the above-mentioned *Fogerty* factors to determine whether Defendants are entitled to attorney's fees under Section 505.

#### 1. Reasonableness

Defendants argue that Plaintiff's decision to pursue a time-barred copyright claim was objectively unreasonable, particularly because Plaintiff knew or should have known at the outset of the litigation that the claim was untimely, or, in any

event, was put on notice of the claim's untimeliness early in the litigation. ECF No. 189 at 9–10. In the Report and Recommendation on Motions for Summary Judgment,[2] ECF No. 176, I found that Plaintiff knew Defendants were using the software in July 2019, and, therefore, the three-year statute of limitations had expired before Plaintiff filed suit on February 28, 2023. *Id.* at 13. Plaintiff argued that he was not aware of the legal implications until at least April or May 2020, and, therefore, the statute of limitations should not have started running until that time. However, Plaintiff's argument amounts to a mistake of law, and it is well-established that such a mistake is insufficient to invoke the discovery rule. *See Mack v. Equable Ascent Fin., LLC,* 748 F.3d 663, 665 (5th Cir. 2014) (The "general approach under the discovery rule [is] that a limitations period begins to run when a claimant discovers the facts that give rise to a claim, and not when a claimant discovers that those facts constitute a legal violation.") (citing *Merck* & Co., 559 U.S. at 646*); see Alexander v. Sonny's Real Pit Bar-B-Q,* 701 F. App'x 931, 936 (11th Cir. 2017) (same); *accord Wakefield v. R.R. Ret. Bd.,* 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling."). Accordingly, I recommended that summary judgment be entered in Defendants' favor on the copyright claim. ECF No. 176. Plaintiff did not file any objections to my Report and Recommendation. ECF No. 177.

---

[2] The Court adopted the Report and Recommendation's conclusion that Plaintiff's copyright infringement claim was time-barred. ECF No. 182 at 9–10.

Defendants cite several cases in which courts have concluded that it was objectively unreasonable to bring copyright claims when a valid limitations defense was asserted. For example, in *Prop Solutions, Ltd. v. GOPD, LLC*, No. 16-CV-1224, 2019 WL 10943309 (N.D. Ga. Oct. 28, 2019), the defendants sent the plaintiff a letter claiming ownership of the software at issue in 2010. *Id.* at *1. In the plaintiff's mind, the defendants knew they did not own the software, so he viewed the claims as "idle threats" and argued that the letter did not trigger the statute of limitations. *Id.* The court rejected that argument and explained that the plaintiff's "personal beliefs about the strength of Defendants' claims did not abdicate Plaintiff's responsibility to timely assert its rights. Therefore, filing the claims almost six years after ownership was initially disputed was objectively unreasonable, and this factor weighs in favor of an award of attorneys' fees." *Id.* at *2. *See also Mahan v. Roc Nation, LLC*, No. 14-CV-5075, 2015 WL 4388885, at *2 (S.D.N.Y. July 17, 2015); *Zamoyski v. Fifty-Six Hope Rd. Music Ltd., Inc.*, 767 F. Supp. 2d 218, 223 (D. Mass. 2011); *Phills v. Fey*, No. 22-CV-7698, 2023 WL 7012699, at *3 (C.D. Cal. Sept. 19, 2023).

Plaintiff responds that because his copyright infringement claim survived a motion to dismiss, it was not objectively unreasonable. ECF No. 192 at 11. However, the Response provides no legal authority to support this position, and ample case law demonstrates that untimely copyright infringement claims that advance to the summary judgment stage may be found objectively unreasonable. *E.g. Prop Solutions*, 2019 WL 10943309, at *1; *Zamoyski*, 767 F. Supp. 2d at 219. Plaintiff further argues that the cases he relied on at summary judgment supported his

position and demonstrated that his claim was not objectively unreasonable. ECF No. 192 at 12. However, as the Court noted in the Report and Recommendation, those cases involved plaintiffs who were unaware that someone else was using their copyrighted work, whereas Plaintiff here knew Defendants were using the disputed software. ECF No. 176 at 14–15. Thus, Plaintiff was mistaken about his legal rights, which, as mentioned above, is not a basis for invoking the discovery rule. Accordingly, Plaintiff's choice to litigate a time-barred claim through five iterations of complaints and summary judgment, when he knew or should have known it was untimely, was objectively unreasonable under Section 505.

2.  Improper Motive

The Motion next argues that Plaintiff evidenced an improper motive by (a) continuing to press time-barred claims, (b) naming Ann Vacanti as a Defendant to the copyright claim, and (c) making multi-million-dollar settlement demands without competent evidence to support his damages. ECF No. 189 at 9–13. The Response reiterates its arguments as to reasonableness and focuses on the settlement demands, while failing to address the argument regarding Mrs. Vacanti. ECF No. 192 at 13–16.

In analyzing motivation, courts consider whether the non-prevailing party litigated in good or bad faith. *Caracol Tele.*, 2022 WL 17583608, at *6. Factors include whether the non-prevailing party initiated the lawsuit for an improper motive or pursued the litigation in an unprofessional manner. *Luken v. Int'l Yacht Council, Ltd.*, 581 F. Supp. 2d 1226, 1245 (S.D. Fla. 2008).

11

Plaintiff's decision to continue pressing his untimely copyright infringement claim—his only federal claim—weighs somewhat in favor of finding an improper motivation, as he should have realized early in the litigation, if not prior to the litigation, that the claim would be subject to dismissal based on the statute of limitations. However, that decision alone does not rise to the level of demonstrating an improper motive. *See Prop Solutions*, 2019 WL 10943309, at *3 (no improper motivation when plaintiff originally brought suit in good faith, even if decision was misguided).

Plaintiff failed to respond to arguments that he had no grounds to name Mrs. Vacanti in the copyright infringement claim and, therefore, conceded that argument. *Jones v. Bank of Am., N.A.,* 564 F. App'x 432, 434 (11th Cir. 2014) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed.") (internal citation omitted) (bracket in original). In any event, although the evidence at summary judgment indicated that Mrs. Vacanti was involved in the business, Plaintiff set forth no evidence that Mrs. Vacanti had particular knowledge regarding the software at issue or was aware of any alleged copyright infringement. While this does not establish an improper motive, it does weigh in favor of finding one.

Finally, the parties focus on Plaintiff's settlement demands. Defendants argue that Plaintiff made a pre-suit demand of $5,000,000 without any evidence or discovery to support that figure, and continued making demands in that range for most of the litigation, with a final demand of $3,404,876 after I recommended

granting Defendants' motion for summary judgment as to the copyright infringement claim. ECF No. 189 at 12–13. Defendants state that Plaintiff never specified any dollar amount for damages in discovery responses or disclosures. *Id.* at 13. Plaintiff responds that his settlement demands were based on his belief that he was entitled to 50 percent of ActionableAgile's revenues, based on tax returns, and to account for Defendants' unauthorized use of the software. *Id.* at 13–15.

Neither party offers legal authority that specifically supports its arguments. Thus, this issue is neutral in the analysis as to whether Plaintiff had an improper motive in seeking the specified damages.  In any event, motivation is only one factor to consider and a finding of "bad faith" is not a "precondition to the award of fees." *Sherry Mfg. Co. v. Towel King of Fla., Inc.*, 822 F.2d 1031, 1034 (11th Cir. 1987); *see also MiTek Holdings*, 198 F.3d at 842 ("[T]he magistrate judge was correct in noting that MiTek's good faith in bringing its suit was not determinative of the issue of attorney's fees.").

### 3.  Deterrence and Compensation Considerations

In analyzing this factor, courts consider whether awarding attorney's fees would further the purposes of the Copyright Act, considering the *Fogerty* factors. *Caracol Tele.*, 2022 WL 17583608, at *7 (citing *Malibu Media, LLC v. Pelizzo*, 604 F. App'x 879, 881 (11th Cir. 2015) (compensation and deterrence are "inextricably intertwined" with reasonableness and frivolity)). In particular:

> [A] party that successfully prevails over unreasonable or bad faith arguments should be awarded its fees and costs to promote enforcement and demarcation of the Copyright Act, and conversely, a party that

> asserts unreasonable or bad faith arguments should be deterred from doing so by paying the fees and costs the prevailing party incurred. On the other hand, a party that advances reasonable, good-faith positions should not be deterred from doing so, even if ultimately unsuccessful, as such claims or defenses help define the scope and limits of copyright protection.

*Oravec v. Sunny Isles Luxury Ventures, L.C.*, No. 04-CV-22780, 2010 WL 1302914, at *8 (S.D. Fla. Mar. 31, 2010) (citing *Donald Frederick Evans & Assocs., Inc. v. Continental Homes, Inc.*, 785 F.2d 897, 916 (11th Cir. 1986)). Here, Plaintiff continued to press his copyright claim through five iterations of his pleadings, and Defendants successfully defended against that claim, eventually prevailing on their motion for summary judgment. Under the deterrence and compensation factor, Defendant should be compensated for successfully prevailing against a time-barred copyright claim, and Plaintiff should be deterred from pursuing that type of claim.

After balancing the *Fogerty* factors, I conclude that Defendants are entitled to reasonable fees under Section 505. In particular, Plaintiff's continued pursuit of his time-barred copyright infringement claim was objectively unreasonable, as case law on this issue clearly supported Defendants' statute of limitations defense, and Plaintiff asserted this claim in every one of his five complaints through summary judgment. *See Prop Solutions*, 2019 WL 10943309, at *3–4 (defendants entitled to attorneys' fees when plaintiff's claims were time-barred). It serves the purposes of the Copyright Act for plaintiffs to be discouraged from asserting time-barred claims and for defendants to be encouraged to defend against those claims. *See Fogerty*, 510 U.S. at 527 ("[D]efendants who seek to advance a variety of meritorious copyright defenses

should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.").

### C.  *Legal Principles in Calculation of Fees*

In calculating attorney fee awards, courts use the lodestar method, whereby a reasonable fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *Barnes*, 168 F.3d at 427 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained. *See Barnes*, 168 F.3d at 427 (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

In computing the lodestar amount, courts should consider: (1) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature; (4) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained; (5) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and

15

(8) whether the fee is fixed or contingent. *Wachovia Bank v. Tien*, No. 04-20834, 2015 WL 10911506, at *1 (S.D. Fla. Apr. 7, 2015) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) (listing nearly identical factors to consider in determining a reasonable attorney's fee)).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). "Generally, the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed ...'" *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 6238647, at *12 (S.D. Fla. Dec. 3, 2013) (quoting *Barnes*, 168 F.3d at 427). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427. If the fees requested are not representative of reasonable hourly rates in the place the case is filed, the Court has leave to reduce the fees to reflect the local market. *Five for Entm't, S.A. v. Ayala Rodriguez*, No. 11-24142-CV, 2017 WL 511085, at *6 (S.D. Fla. Feb. 2, 2017) (J. Turnoff) (adjusting New York City and Washington D.C. rates to reflect the South Florida legal market); *City Place Retail, L.L.C. v. Wells Fargo Bank, N.A.*, 18-CV-81689, 2021 WL 3361172, at *5 (S.D. Fla. Jan. 12, 2021) ("Palm Beach County comprises a distinct legal market.").

The Court must consider "what a reasonable, paying client would be willing to pay," bearing in mind "all of the case-specific variables that . . . courts have

16

identified as relevant to the reasonableness of attorney's fees," including the *Johnson* factors. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008) (court must "step[ ] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively"). In addition, the Court may consider prior hourly rates awarded to other attorneys of similar experience in the community as well as the Court's own knowledge of the rates charged by local practitioners. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96–97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate."). *See also Norman*, 836 F.2d at 1303 ("[t]he court ... is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees ...").

As to the type of evidence that the fee claimant should produce in support of a fee claim, in *Barnes*, the Eleventh Circuit said,

> The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. That burden includes supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, [ ] counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.

168 F.3d at 427 (citations and quotations omitted).

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Id.* at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424,

434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel," the court must exercise billing judgment for them. See *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301).

The determination of fees "should not result in a second major litigation." *Fox v. Vice*, 563 U.S. 826, 838 (2011) (quoting *Hensley*, 461 U.S. at 437). The Court explained:

> The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet "the burden of establishing entitlement to an award." But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

*Id.* (internal citations omitted). Where a fee application is voluminous, an hour-by-hour analysis of a fee request is not required, and courts may employ an across-the-board reduction of hourly rates, hours expended, or both. *Loranger*, 10 F.3d at 783.

### D. Application of Lodestar Method to This Case

#### 1. Reasonable Hourly Rates.

Defendants seek reimbursement for work performed by thirteen timekeepers: twelve from Stinson LLP ("Stinson") and one from McHale & Slavin, P.A ("McHale"). A review of the affidavits and biographies accompanying the Motion for Attorneys'

Fees provides the following information to assist the Court in assessing the reasonableness of the rates charged:

Mr. Andrew Lockton has been an associate at McHale for approximately eleven years, specializes in intellectual property law including copyright infringement litigation, and served as local counsel in this case. ECF No. 189-1. He seeks an average hourly rate of $450. *Id.*

Mr. David A. Barnard is a partner at Stinson and serves as Co-Chair for Stinson's Intellectual Property Litigation Group. ECF No. 189-5. Mr. Barnard has specialized exclusively in intellectual property litigation since 2000, and has approximately 40 years of experience as an attorney. *Id.* Mr. Barnard seeks an average hourly rate of $627.50. *Id.*

Ms. Judith Araujo is a senior associate in Stinson's Intellectual Property Litigation Group, and began serving as the lead associate on this case following summary judgment. *Id.* She has been practicing for approximately six years, and seeks an average hourly rate of $455. *Id.*

Ms. Lisa Parks is a paralegal with 28 years of experience. *Id.* She performed tasks such as drafting legal documents, managing case files, and preparing for and attending proceedings. *Id.* She seeks an average hourly rate of $255.

Ms. Courtney Webb is an eDiscovery & Practice Support Consultant who provided support for this case. *Id.* She seeks an average hourly rate of $272.50. *Id.*

Mr. Stephen J. Cosetino is a partner at Stinson who has been practicing for approximately 28 years. ECF No. 189-8. He seeks an average hourly rate of $590. ECF No. 189-5.

Mr. Luke VanFleteren is a partner at Stinson who has been practicing for approximately nine years. ECF No. 189-8. He seeks an average hourly rate of $430. ECF No. 189-5.

Ms. Adrianna M. Chavez is an associate at Stinson who has been practicing for approximately six years. ECF No. 189-8. She seeks an average hourly rate of $412.50. ECF No. 189-5.

Mr. Jacob R. Schlueter is an associate at Stinson who has been practicing for approximately four years. ECF No. 189-8. He seeks an average hourly rate of $385. ECF No. 189-5.

Mr. Benjamin Levin is an associate at Stinson who received his juris doctor in 2017. ECF No. 189-8. He seeks an average hourly rate of $452.50. ECF No. 189-5.

Mr. Austin R. Tapuro is an associate at Stinson who has been practicing for approximately three years. ECF No. 189-8. He seeks an average hourly rate of $360. ECF No. 189-5.

Mr. Austin C. Diehl is an associate at Stinson who received his juris doctor in 2023. ECF No. 189-8. He seeks an average hourly rate of $362.50. ECF No. 189-5.

Ms. Isabella T. Cuevas is an associate at Stinson who has been practicing for an unspecified period of time, and was a summer associate when she worked on this

case. ECF No. 189-7, 189-8. She seeks an average hourly rate of $290. ECF No. 189-5.

Defendants seek a total of $731,574.50 in attorneys' fees. ECF No. 202.

Defendants argue that they seek fees for a reasonable number of hours at reasonable hourly rates, and attach declarations and billing records as exhibits to the Motion. ECF Nos. 189, 189-1, 189-2, 189-5, 189-7. Plaintiff argues that Defendants' time and rates are unreasonable because (1) the accounting is inaccurate;[3] (2) the time entries do not segregate the time spent on distinct claims; (3) the hourly rates are unreasonable; and (4) the time entries contain improper pre-litigation work, block billing, and vague descriptions.

As an initial matter, I find the hourly rates to be reasonable, with one exception, noted further below. Mr. Lockton's eleven years of experience in intellectual property law more than support an hourly rate of $450. Recognizing that Mr. Barnard is a partner and intellectual property practice group co-chair at an AmLaw 200 firm with more than 450 attorneys, and has more than 25 years of experience in intellectual property law, his average hourly rate of $627.50 is also reasonable. *See Gen. Star Nat'l Ins. Co. v. MDLV, LLC*, No. 21-CV-24284, 2024 WL 3994657, at *9 (S.D. Fla. Aug. 13, 2024) ("the Court remains an expert on the issue of hourly rates in its community and may properly consider its own knowledge and

---

[3] The parties later filed a Joint Statement Regarding Meet and Confer, ECF No. 202, in which they agree that Defendants seek $731,574.50 in attorneys' fees. Thus, I will consider this issue moot.

experience concerning reasonable and proper fees") (quotations and citations omitted); *Tecnoglass, LLC v. Paredes*, No. 22-CV-22356, 2025 WL 419340, *3 (S.D. Fla. Jan. 13, 2025), *adopted*, 2025 WL 415760 (S.D. Fla. Feb. 6, 2025); *CITGO Petroleum Corp. v. Petroleum Logistics Serv. USA, Inc.*, No. 22-MC-20762, 2022 WL 17718802 (S.D. Fla. Nov. 30, 2022), *adopted*, 2022 WL 17716483 (S.D. Fla. Dec. 15, 2022); *Alper Auto., Inc. v. Day to Day Imports, Inc.*, No. 18-CV-81753, 2022 WL 3904327, at *4 (S.D. Fla. July 26, 2022) (hourly rates from $388 to $675 were reasonable for litigation in Palm Beach County). The hourly rates Defendants seek for Stinson associates, ranging from $290 to $455 are also reasonable, as is the rate of $255 for a paralegal with Ms. Parks' experience. However, given that Ms. Cuevas was a summer associate in 2023, when she worked on this case, I find that $290 per hour is not reasonable and reduce her rate to $150 per hour. *See Perland Title & Escrow Servs. Corp. v. Autonomy Inv. Puerto Rico, LLC*, No. 23-CV-21445, 2024 WL 5508134, at *3–4 (S.D. Fla. Nov. 6, 2024) (discussing summer associate rates in the Southern District of Florida and reducing rate to $150). Ms. Webb's work is not compensable as attorneys' fees, as her work was technical in nature and not the type of work ordinarily performed by an attorney.

### 2. Segregation of Different Claims

Next, Plaintiff argues that Defendants' billing entries fail to segregate time spent on the copyright infringement claim from time spent on other claims, so Defendants should only recover one-twelfth of their requested fees. ECF No. 192 at 19. Plaintiff cites a single case for this argument, *Bostic v. Bodie*, No. 22-CV-60661,

2023 WL 8701363 (S.D. Fla. Dec. 15, 2023), in which the plaintiff moved for attorney's fees after prevailing on two counts and losing on the merits on the other two counts. *Id.* at *1. The Court concluded that a 25 percent reduction would adequately account for the plaintiff's lack of success on two of the four claims. *Id.* at *2. Defendants respond that "this case has always been focused on the alleged misuse of Conley's claimed copyrighted software," and that Plaintiff did not add many of the claims and defendants until he filed his Fourth Amended Complaint. ECF No. 200 at 10–11.

   "[T]he Supreme Court has frowned on a strictly mathematical approach calculating attorney's fees based on a ratio of total claims to successfully litigated ones, explaining that '[s]uch a ratio provides little aid in determining what is a reasonable fee in light of all the relevant factors.'" *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1164 (11th Cir. 2017) (quoting *Hensley*, 461 U.S. at 435 & n.11). If "successful and unsuccessful claims are intertwined and share a 'common core' of facts or a related legal theory, then a reasonable fee is allowed as to all hours expended on both sets of claims." *Id.* at 1163 n.3 (citing *Popham v. City of Kennesaw*, 820 F.2d 1570, 1578 (11th Cir. 1987)). A court may also consider an across-the-board reduction of the lodestar in cases where there is time spent on multiple claims where it is difficult to allocate fees among those claims. *See also Lanard Toys Ltd. v. Toys "R" Us Del., Inc.*, No. 15-CV-849, 2022 WL 2235950, at *6–7 (M.D. Fla. June 22, 2022) (awarding 70 percent of fees in case involving Lanham Act, FDUTPA, and copyright claims).

Defendants submitted 287 pages of billing records reflecting work done from December 18, 2022, through July 31, 2025. ECF No. 189-7. In reviewing these records, I find that a small percentage of the work concerns the state law claims specifically; however, the vast majority of the work involved general legal work related to all claims or work relating to the copyright claims. Further, the sole basis for federal subject matter jurisdiction in this case is the copyright infringement claim. Plaintiff's decision to assert a single, unreasonable federal claim along with numerous state law claims among five different pleadings required Defendants to defend all the claims here when they should have been litigated in state court all along. In addition, Plaintiff failed to plead diversity jurisdiction under 28 U.S.C. § 1332. Still, summary judgment was not entered on the merits of those claims, and a minor fee reduction is warranted to account for those claims.

3.   Content of the Time Entries: Pre-Litigation, Block Billing, Vague Entries, Excessive Time, and Clerical Work

The Response argues that many time entries are improper, and attaches a chart containing objections to certain time entries, attributing one or more of the following characterizations: pre-litigation, excessive, vague, unreasonable, improper bundling, duplicative, redundant, and clerical. ECF No. 192-3. According to the chart, any fee award should be reduced by $114,102.12 based on improper billing entries.[4]

(a) Pre-Litigation Work

---

[4] It is unclear if Plaintiff's chart accounts for the reduction in the hourly rates he seeks; however, I have already concluded that the hourly rates are reasonable with the exception of the summer associate rate.

Plaintiff cites only one case in which the court in its discretion declined to award fees for pre-litigation work, and no cases indicating that a prevailing party cannot receive a fee award for work relating to copyright infringement prior to the filing of a complaint. ECF No. 192 at 20 (citing *Nwosuocha v. Glover*, 2025 U.S. Dist. LEXIS 30550, at *[]7 n.7 (S.D.N.Y. Feb. 20, 2025)). Here, the time entries prior to the commencement of the litigation indicate Defendants' counsel were responding to a cease-and-desist letter from Plaintiff concerning allegations of copyright infringement, which ultimately became claims in this litigation. ECF No. 189-7 at 7–14. *See Imposter Pastor Movie, LLC v. Oliver*, No. 24-CV-115, 2025 WL 819117, at *8 (E.D.N.C. Mar. 14, 2025) (awarding fees for pre-litigation work relating to copyright claim). Thus, it is appropriate for the Court to award fees for Defendants' counsel's pre-litigation work.

(b) Block Billing

Block billing occurs when an attorney "often lump[s] together all the tasks performed by an attorney on a given day without breaking out the time spent on each task." *Smith v. Comm'r of Soc. Sec.*, No. 24-11241, 2025 WL 263388, at *2 (11th Cir. Jan. 22, 2025) (quoting *Barnes*, 168 F.3d at 429). The Eleventh Circuit has noted that some block billing results in "imprecision" and has approved across-the-board reductions in block-billed hours to offset the negative effects. *Ceres Env't Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 203 (11th Cir. 2012). "[T]he mere fact that an attorney has included more than one task in a single billing entry is not, in itself, evidence of [impermissible] block-billing. When those tasks are

25

intertwined, including a thorough description of the activities performed clarifies, rather than obscures, the record." *Zendejas v. Redman*, 2019 WL 1429403, at *1 (S.D. Fla. Mar. 27, 2019) (quoting *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1312 (S.D. Fla. 2009)); *see also Home Design Servs., Inc. v. Turner Heritage Homes, Inc.*, No. 08-CV-355, 2018 WL 4381294, at *6 (N.D. Fla. May 29, 2018) ("As a general proposition block billing is not prohibited so long as the Court can determine from the time entry the services that were performed.").

There are several lengthy time entries in which attorneys, particularly Mr. Barnard, describe multiple tasks. Those tasks generally contain sufficient detail for the Court to accurately assess the time claimed for each activity; however, some are vague and imprecise, and some are a mix of both. For example, Plaintiff identifies the following time entry by Mr. Barnard for 1.6 hours as "excessive, vague, improper bundling, clerical, and unreasonable":

> Planning and general work on schedule and game plan; telephone conference with Ms. Chavez regarding same; review Ms. Chavez email regarding key issues and discussion points; emails with adverse counsel regarding setting up mediation; telephone conference with Ms. Chavez regarding gathering documents and specific accounting document issues for early production in order to help move mediation forward; prepare for and Zoom meeting with client and Ms. Chavez regarding analysis of insurance coverage issues, mediation, document gathering, and general discovery items and game plan; follow up regarding same; review Ms. Chavez email to Mr. Hecht regarding insurance; respond regarding same.

ECF No. 192-3 at 11. Parts of the entry are sufficiently specific to apprise the Court of Mr. Barnard's activities, such as specific topics discussed in emails and conversations, topics for analysis, and reasons for communications. However, the

26

entry also contains vague and general comments and references that do not provide sufficient specificity. Still, 1.6 hours is a reasonable amount of time for an attorney to have spent on these activities. The billing records contain additional lengthy time entries that provide adequate detail and some that do not.

While many time entries are appropriate, there are some problematic entries, such as a handful of extremely lengthy entries that comprise some recoverable activities and some non-recoverable tasks. For example, Mr. Barnard seeks fees for an 11.1 hour time entry that includes discussions of flight logistics, preparation for a hearing, travel time, and telephone calls. ECF No. 189-7 at 242. This is an example of improper block billing and is not recoverable.

(c) Vague

A court may deduct time if it finds that billing entries are unacceptably vague in that the court cannot discern the legal services provided. *See EWC Franchise, LLC v. DOC Dev., LLC*, No. 20-CV-60035, 2010 WL 8093447, at *4 (S.D. Fla. Dec. 23, 2020), *adopted*, 2021 WL 124415 (Jan. 13, 2021). Again, the majority of Defendants' time entries provide adequate detail of the claimed activities, but some do not. Problematic entries include attorneys "working on" generic tasks or researching unspecified "issues", such as "[c]ontinue researching issues for discussion at team meeting," "work on summary judgment strategy," "work on subpoena." *See, e.g.,* ECF No. 189-7 at 62, 87, 108, 115, 124, 241. The Court cannot discern what was involved in working on a strategy, researching issues, or working on a document without additional detail.

27

(d) Excessive Time

"A court should exclude from the fees award compensation for hours that are 'excessive, redundant or otherwise unnecessary.'" *Moussa v. Certain Underwrites at Lloyd's, London*, No. 20-CV-22313, 2022 WL 2195305, at *5 (S.D. Fla. Mar. 7, 2022) (quoting *Norman*, 836 F.2d at 1301). While many of Defendants' counsel's time entries are not excessive, there are instances where counsel spent excessive time on certain tasks. For example, three Stinson lawyers spent a total of 38.4 hours on Defendants' motion to dismiss Plaintiff's original complaint. Even with the understanding that the complaint asserted eleven counts and required a fair amount of time to research, 38.4 hours is excessive. In another example, an associate spent 9.3 hours drafting a "Discovery Deficiency Letter." ECF No. 189-7 at 114–15, 119. Turning to Defendants' motion for summary judgment, the time entries contain approximately 288 hours spent strategizing and working on that motion by at least six attorneys. While summary judgment motions are labor-intensive and often require a significant number of hours and more than one attorney, 288 hours and six lawyers are excessive. In addition, many of the entries contain vague language such as "work on summary judgment motion" without any detail. Thus, any fee award should be subject to a reduction based on excessive hours and attorneys.

(e) Clerical Tasks

Next, Plaintiff argues that many of the time entries indicate non-recoverable clerical work. I do not find that Defendants are seeking recovery for any clerical work by attorneys; however, Ms. Parks' clerical work is not recoverable. A court may award

fees for paralegal work only when paralegals perform work typically done by lawyers, and not for any clerical work. *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988). Ms. Parks performed a substantial amount of work that typically falls within a lawyer's purview, such as drafting and revising substantive materials. But, the bills also reflect she performed a number of tasks such as serving and filing documents, handling scheduling and calendar matters, and organizing materials. (*e.g.* ECF No. 189-7 at 32, 43, 51, 53, 55, 86, 97, 158). Accordingly, I will reduce Ms. Parks' hours by 50 percent, resulting in 36.9 hours.

### 4. Procedural Requirements Relating to Attorneys' Fees

Plaintiff argues that Defendants' Motion should be "denied on procedural grounds" with respect to attorneys' fees because the Motion fails to include (1) a certificate of conferral under Local Rules 7.3(a)(8) and 7.1(a)(2), and (2) the terms of the relevant fee agreements under Local Rule 7.3(a)(4). Defendants respond that attorney Andrew Lockton's declaration, which contained a meet-and-confer certification, satisfies the referral requirements. ECF No. 200 at 6. Defendants further respond that the relevant engagement letters that provide fee arrangements are attached to their Motion. ECF No. 200 at 8; ECF Nos. 189-2, 189-6.

Regarding the conferral, the parties have sufficiently conferred. In addition to Mr. Lockton's declaration, the Court ordered an additional conferral to provide the Court with information on what was resolved and specific amounts sought in the Motion. ECF No. 201. The engagement letters suffice to provide the terms of the fee agreement.

29

5.   Fee Award Under 17 U.S.C. § 505

Having found that a fee award under Section 505 is appropriate, I now turn to the amount of fees that should be awarded. Defendants seek $731,574.50 in fees. After reducing the paralegal hours by 50 percent, reducing the summer associate hourly rate from $290 to $150, and removing amounts attributed to e-discovery consultant Ms. Webb, the total amount sought becomes $713,533.50. Then, considering the instances of block billing, excessive time spent on certain tasks, vague time entries, and some time spent solely on state law claims, I conclude that a 20 percent across-the-board reduction is appropriate. Thus, I will recommend that Defendants recover their reasonable and necessary attorneys' fees in the amount of $570,826.80.

E.   *Attorneys' Fees and Costs Under 28 U.S.C. § 1927*

Under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Thus, before a court may impose Section 1927 sanctions, three conditions must be met: (1) the attorney "must engage in unreasonable and vexatious conduct," (2) the attorney's conduct "must multiply the proceedings," and (3) "the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.,* the sanction may not exceed the 'costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Celsius Holdings, Inc. v. A SHOC*

*Beverage, LLC*, No. 22-12687, 2025 WL 2887300, at *5 (11th Cir. Oct. 10, 2025) (quoting *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)).

Defendants bear the burden of justifying sanctions. *Mack v. Delta Air Lines, Inc.*, No. 1:13-CV-1162-LMM, 2014 WL 12628621, at *15 (N.D. Ga. Nov. 26, 2014), *report and recommendation adopted*, 2015 WL 12862475 (N.D. Ga. Mar. 30, 2015), *aff'd*, 639 Fed. Appx. 582 (11th Cir. 2016). The Eleventh Circuit has described § 1927 as "penal," and thus it is strictly construed. *Id.* at *14.

Sanctions are available under § 1927 only upon a showing of bad faith. In examining whether conduct constitutes bad faith under § 1927, courts use an objective standard such that a "court may impose sanctions for egregious conduct by an attorney even if the attorney acted without the specific purpose or intent to multiply the proceedings." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1241 (11th Cir. 2007). As the Eleventh Circuit has summarized:

> To justify an award of sanctions pursuant to section 1927, an attorney must engage in unreasonable *and* vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct. For sanctions under section 1927 to be appropriate, something more than a lack of merit is required. *Id.* at 1129. The statute was designed to sanction attorneys who "willfully abuse the judicial process by conduct tantamount to bad faith."
>
> "Bad faith" is the touchstone. Section 1927 is not about mere negligence. A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims.

*Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225–26 (11th Cir. 2003) (citations omitted) (emphasis in original).

31

Defendants contend that they are entitled to fees under § 1927 because Plaintiff maintained a time-barred claim through summary judgment and because Plaintiff repeatedly made multi-million-dollar settlement demands without competent evidence. ECF No. 189 at 19–20. Plaintiff responds that the Motion fails to provide any evidence of vexatious conduct, how the conduct multiplied the proceedings, and how the fee request relates to the conduct, to make any showing that counsel's conduct was "so egregious that it is tantamount to bad faith." ECF No. 192 at 16–17 (quoting ECF No. 189 at 20).

Defendants have not met their burden to show that Plaintiff's counsel's actions were in bad faith. They assert few facts, and simply continue their argument regarding the copyright infringement claim. While the Court did enter summary judgment in favor of Defendants on Plaintiff's copyright claim and now concludes that continuing to pursue the claim was objectively unreasonable, those findings do not rise to the level of vexatious conduct and bad faith. Finally, Defendants fail to quantify the amount of fees attributable to any alleged extra work caused by counsel's conduct. Accordingly, Defendants request for sanctions under § 1927 should be denied.

*F. Costs*

Under Local Rule 7.3, "A bill of costs pursuant to 28 U.S.C. § 1920 shall be filed and served within thirty (30) days of entry of final judgment or other appealable order that gives rise to a right to tax costs under the circumstances listed in 28 U.S.C. § 1920." S.D. Fla. L.R. 7.3(c). In addition, "The bill of costs shall attach copies of any

documentation showing the amount of costs and shall be supported by a memorandum not exceeding ten (10) pages." *Id.*

Plaintiff argues that because Defendants failed to file a bill of costs and 30 days have expired since entry of summary judgment and dismissal of this case, they are precluded from seeking costs. ECF No. 192 at 4–5. Plaintiff also points out that Defendants failed to attach any documentation to support the amounts sought. *Id.* Defendants respond that their counterclaim—a single, state-law claim for breach of fiduciary duty—remains pending, so there is no final judgment and, thus, a bill of costs is premature. ECF No. 200. Defendants are incorrect. The Court entered summary judgment in favor of Defendants on the copyright claim, dismissed all remaining claims in the operative complaint, terminated all motions and deadlines, and closed the case. ECF No. 182. The Order entering summary judgment and dismissing the state law claims is a final, appealable order, regardless of whether Defendants' counterclaim was specifically mentioned, and no one contends that the parties are still litigating Defendants' counterclaim here. *Id.*; *Mejia v. Ocwen Loan Servicing, LLC*, No. 16-CV-81269, 2016 WL 8787061, at *1 (S.D. Fla. Dec. 22, 2016) (party could not recover costs when it to file bill of costs within 30 days of dismissal of complaint; no final judgment entered on docket), *adopted*, 2017 WL 1424630 (S.D. Fla. Jan. 6, 2017); *Fetzko v. Winn-Dixie Stores, Inc.*, No. 22-CV-14271, 2025 WL 2899727, at *2 (S.D. Fla. Mar. 17, 2025). As Defendants did not file a bill of costs within 30 days of the entry of summary judgment and closing of the case, I recommend that Defendants' request for costs under § 1920 be denied.

## RECOMMENDATION

For these reasons, I **RECOMMEND** that Defendants' Motion for Award of Attorneys' Fees and Costs be **GRANTED IN PART AND DENIED IN PART** in that (1) Defendants be awarded $570,826.80 in attorneys' fees, and (2) Defendants do not recover costs.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Raag Singhal, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 22nd day of January 2026.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE