UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60384-CIV-SINGHAL/REINHART

TODD CONLEY,

      Plaintiff,

vs.

DANIEL S. VACANTI, et al.,

      Defendants.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**LIKE MANY** of the family law matters the undersigned handled in state court, this case is a sad one for two main reasons; first, because the parties once had a good relationship that has turned bad, and second and perhaps more relevant here, because this case should never have been brought at all.  Now this matter has come before the Court upon the Report and Recommendation of the Honorable Bruce E. Reinhart (DE [205]).  On January 22, 2026, Magistrate Judge Reinhart issued the Report and Recommendation recommending that Defendant's Motion for Award of Attorneys' Fees and Costs (DE [188]) be granted in part and denied in part.

Plaintiff Todd Conley filed objections late (the "Objections") that the Court will consider as timely.  (DE [209]).  Defendants did not object to Magistrate Judge Reinhart's findings.  This Court has conducted a *de novo* review of the portions of the Report to which Plaintiff has objected, in accordance with 28 U.S.C. § 636(b)(1)(C), and the remainder of the Report for clear error, and finds that the Objections are without merit and are therefore overruled.  *Schwartz v. Jones,* 2020 WL 905234, at *1 (S.D. Fla. Feb.

1

25, 2020), *aff'd sub nom. Schwartz v. Sec'y, Fla. Dep't of Corr.,* 842 Fed. Appx. 442 (11th Cir. 2021).

Plaintiff's arguments fit into four buckets—first, Plaintiff argues that the Magistrate Judge improperly decided it was unreasonable to litigate his federal copyright claim in light of the statute of limitations.  Second, Plaintiff raises the issue of his finances and protests that he cannot pay the legal fees.  Third, he alleges the Magistrate Judge wrongly determined that awarding the Defendants' legal fees would deter meritless suits, when actually it would deter meritorious suits.  And fourth, he protests that the attorneys' fees were improperly calculated.  The Court addresses each in turn.

First, the Magistrate Judge properly found that Plaintiff's decision to litigate this time-barred claim was unreasonable.  While the Court need not rehash the factual scenario yet again given the long history of this case, some discussion is obviously necessary given the somewhat repetitive nature of the objections.  It should have been obvious that the claim fell outside of the 3-year statute of limitations.  Plaintiff knew the Defendants were using the software in July 2019, but never filed suit until February 28, 2023. (DE [211] at 9).  Plaintiff's tolling argument was equally unreasonable.  Generally, the statute of limitations "begins to run when a claimant discovers the facts that give rise to a claim and not when a claimant discovers that those facts constitute a legal violation." *Mack v. Equable Ascent Fin., L.L.C.*, 748 F.3d 663, 665-66 (5th Cir. 2014); *Merck & Co. v. Reynolds*, 559 U.S. 633, 646-47 (2010).  Here, Plaintiff knew of the facts—that Defendants were using the code—in 2019.  He may have "believed that [Defendants'] use was authorized through a business arrangement," until spring of 2020, but the spring of 2020 was when he discovered a legal violation, not when he discovered the facts.

2

Plaintiff should have known that this claim was time-barred, and he unreasonably wasted resources in attempting to litigate the claim in five separate pleadings.

In the same vein, Plaintiff argues that the other eleven claims were meritorious, as shown by the fact they survived a motion to dismiss in state court.  They may be meritorious in state court, but that is irrelevant as to whether they were unreasonable in federal court, where Plaintiff initially filed.  These claims belonged in state court to begin with, and Plaintiff should not have used an obviously time-barred federal claim as a hook to bring these other claims in federal court.  Plaintiff's litigation of this case was unreasonable.

Plaintiff's second argument is that paying Defendant's legal fees would force Plaintiff into financial straits.  Although unfortunate, inability to pay is not an argument for why Defendants are not legally entitled to their fees.  This argument goes to collection, not to the award of fees.

Third, Plaintiff essentially challenges the Magistrate Judge's determination that his claim is meritless and other similar claims should be deterred.  For the reasons stated above, the Magistrate Judge correctly found that Plaintiff's claim is meritless and future litigants should be deterred from aggressively litigating obviously barred claims in five pleadings.

Fourth, Plaintiff challenges the Magistrate Judge's actual calculation of the amount of legal fees.  First, Plaintiff argues that the fees are not proportional and Defendants are only entitled to 1/12th of their requested fees, since only 1/12th of the defended claims were federal.  But Defendants had to defend against all twelve claims in federal court. The case—not just one claim—was dismissed.  Defendants are entitled to their fees for

defending this case in federal court.  If the Court did not grant Defendants' fees for defending all twelve claims, litigants would be incentivized to bring claims that belong in state court in federal court since there would be no penalty for bringing them in the wrong forum.

Plaintiff also challenges the 20% reduction to the total fees, instead seeking an individualized reduction of certain fees.  Considering the limited extent of Defendants' errors in calculating their fees, a 20% reduction of all fees is reasonable.  Emphasizing how reasonable a reduction across the board is in comparison to the judicial labor of reducing individual entries, Plaintiff himself does not even suggest how much each problematic entry should be reduced.  If Plaintiff will not suggest how much each reduction should be, surely the Court should not have to make that determination instead.  A 20% reduction of total fees is both fair and a better use of resources.

Pre-litigation fees are also appropriate.  They are a necessary part of defending the unnecessary federal litigation the Plaintiff initiated.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Accept Objections as Timely Filed (DE [211]) is **GRANTED**.

2. The Magistrate Judge's Report and Recommendation (DE [205]) is **AFFIRMED** and **ADOPTED.**

3. Defendant's Motion for Award of Attorneys' Fees and Costs (DE [188]) is **GRANTED in part and DENIED in part**.

4.  Defendant's counsel should be awarded **$570,826.80 in fees**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 6th day of April 2026.

_____

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF